UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  v.<br><br>ISAAC THOMAS,<br>CHRISTINA LEGROS,<br><br>  Defendants. | Criminal No. 23-0069 (CKK) |

ORDER
(March 20, 2023)

Counsel for Defendant Christina Legros informed the Court via a [14] filing that the Defendant is currently hospitalized in critical condition for the indefinite future. Subsequently, the Government filed the pending [16] Motion to Exclude Time Under the Speedy Trial Act requesting that the Court exclude time under 18 U.S.C. § 3161(c)(1), pursuant to Sections (h)(4) and (6), for both Defendants Isaac Thomas and Christina Legros because Defendant Christina Legros is physically unable to stand trial at this time. The Court now addresses this [16] Motion as to each Defendant.

A. **Defendant Christina Legros**

To begin, the Speedy Trial Act provides that:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). Accordingly, the Speedy Trial Act applies only to cases in which the defendant has entered a not guilty plea. *United States v. Sparks*, 885 F. Supp. 2d 92, 98 (D.D.C. 2012) (RBW) (quotation and citation omitted); *see also United States v. Lopez-Valenzuela*, 511 F.3d 487, 490 (5th Cir. 2007) ("Section 3161(c)(1)'s requirement that a defendant's trial

commence by a certain date if the case is one 'in which a plea of not guilty is entered' determines [] *whether* the time restrictions apply.") (emphasis in original).  Here, Defendant Legros has not entered a not guilty plea.  Therefore, the Speedy Trial Act's protections do not yet apply to her.  *Accord* [16] Motion ("until she is able to appear to enter a plea of not guilty, the 70-day period will not begin to run").

The Government moves the Court to exclude Defendant Christina Legros's Speedy Trial time under 18 U.S.C. § 3161(c)(1) pursuant to (h)(4) "given that she is physically unable to stand trial." The Court **DENIES WITHOUT PREJUDICE** the Government's [16] Motion to exclude time for Defendant Christina Legros under § 3161(c)(1) because that statutory provision is not yet applicable to her.

If and when Defendant Legros enters a not guilty plea, the Speedy Trial Act's protections will then apply to her.  Her seventy-day clock will begin on March 8, 2023, the date the Indictment was returned, which occurred after her first and only appearance in this district on February 21, 2023.  *See* 18 U.S.C. § 3161(c)(1); Minute Entry, Feb. 21, 2023; [11] Indictment.  The Court will at that time determine whether any of the Speedy Trial Act's exclusions would retroactively toll the time between March 8, 2023 and that date.  *See Sparks*, 885 F. Supp. 2d at 98 (doing the same). In light of Defense counsel's representations in the [14] filing regarding Legros's health, such time would presumably be excluded pursuant to 18 U.S.C. § 3161(h)(4), which states that "[a]ny period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial" shall be excluded.  The parties are not stopped from filing a motion to exclude under Section (h)(4) at the time at which the Speedy Trial Act's protections apply to Defendant Legros, and the Court will make this assessment at that point.

Finally, the Court adds that there is no indication as to when Defendant Legros will be able to appear before this Court.  Defendant Legros's counsel indicated in the [14] filing that her hospitalization is indefinite and that he is unable to make contact with her given her condition; therefore, he cannot speculate as to when she will be able to appear before this Court.  On March

15, 2023, via Minute Order, the Court ordered Defense counsel to submit updates every fourteen days addressing her progress.

### B. Defendant Isaac Thomas

As for Defendant Isaac Thomas, he is scheduled to appear for a status conference and arraignment before this Court on March 20, 2023. *See* Minute Order, March 10, 2023. Should he enter a plea of not guilty at that hearing, the Speedy Trial Act's protections will become applicable to him. *See* 18 U.S.C. § 3161(c)(1). His seventy-day clock will begin on March 8, 2023, the date the Indictment was returned, which occurred after his first and only appearance in this district on February 7, 2023. *See* 18 U.S.C. § 3161(c)(1); Minute Entry, Feb. 7, 2023; [11] Indictment.

The Government moves the Court to exclude "the period of delay for Defendant Isaac Thomas following his arraignment on the indictment under § 3161(h)(6)." That section states that "[a] reasonable period of delay" is excluded "when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). The Court **DENIES WITHOUT PREJUDICE** the Government's [16] Motion to exclude time for Defendant Isaac Thomas following his arraignment under § 3161(c)(1) pursuant to section (h)(6) given that Defendant Legros's Speedy Trial Act protections will not have been triggered at the time of Thomas's March 20, 2023 arraignment. The Court will instead make independent queries and findings as to Defendant Thomas's Speedy Trial Act rights at subsequent hearings or via orders on the docket.

If and when Defendant Legros's Speedy Trial Act rights become applicable, 18 U.S.C. § 3161(h)(6) may then come into play. The United States Court of Appeals for the District of Columbia Circuit has interpreted Section 3161(h)(6) to mean that an exclusion that applies to one co-defendant applies to all codefendants as long as they are joined at that time, regardless of whether they are ultimately severed. *Van Smith*, 530 F.3d at 970 (citing *United States v. Saro*, 24 F.3d 283, 292 (D.C. Cir. 1994)); *see also United States v. Edwards*, 627 F.2d 460, 461 (D.C. Cir. 1980) ("The exclusion under 18 U.S.C. § 3161(h)(7) is crucial in a case involving multiple

defendants because it provides that an exclusion applicable to one defendant applies to all codefendants."); *Henderson v. United States*, 476 U.S. 321, 323 n.2 (1986) ("All defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant."). In other words, "when defendants with ticking clocks are joined together, each defendant's speedy-trial clock is synchronized with the clock of the defendant with the most time remaining." *United States v. Johnson*, No. 21-cr-0332 (PLF), 2021 WL 3207044, at *1 (D.D.C. July 29, 2021) (cleaned up).

Accordingly, once Defendant Legros's clock is "ticking," any time that is retroactively excluded for Defendant Legros under § 3161(h)(4), as discussed above, will likely be retroactively excluded for Defendant Thomas under § 3161(h)(6) so long as it is reasonable. "Although the D.C. Circuit has not provided a lot of insight on what it means to have the exclusion applicable to one defendant apply to all defendants," *United States v. Shaw*, 510 F. Supp. 2d 148, 151 (D.D.C. 2007) (EGS), several other Circuits have found delays of several months or more were "reasonable" under § 3161(h)(6), *see, e.g.*, *United States v. James*, 418 F. App'x 751, 753–54 (10th Cir. 2011); *United States v. Lewis*, 611 F.3d 1172, 1178 (9th Cir. 2010); *Shaw*, 510 F. Supp. 2d 151 (discussing various cases). For its part, the D.C. Circuit has suggested that § 3161(h)(6) exclusions are automatic. *United States v. Lopesierra-Gutierrez*, 708 F.3d 193, 203 (D.C. Cir. 2013). Regardless, the Court will address any motions for exclusion for Defendant Thomas under § 3161(h)(6) at the time that Defendant Legros's Speedy Trial Act rights become applicable and if exclusions for her under § 3161(h)(4) are found.

**SO ORDERED**.

**Date**: March 20, 2023

                                              /s/
                                    **COLLEEN KOLLAR-KOTELLY**
                                    United States District Judge