UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 23-cr-69-CKK |
| | : | |
| ISAAC THOMAS | : | |
| | : | |
| Defendant. | : | |

### UNITED STATES'S MOTION FOR REVOCATION OF RELEASE

The United States of America hereby moves the Court for the entry of an order revoking the release of Defendant Isaac Thomas under 18 U.S.C. § 3148(b). Pretrial Services has previously requested intervention by this Court, with its most recent update suggesting an escalation of misbehavior and of a more troublesome nature.

On February 7, 2023, the defendant appeared by video for his first appearance in the district before United States Magistrate Judge Robin M. Meriweather. Magistrate Judge Meriweather ordered release but imposed conditions of release including that the defendant not violate federal, state, or local law while on release. *See* ECF No. 9.

On March 8, 2023, an indictment was filed alleging that Isaac Thomas committed seven felonies and three misdemeanors at the United States Capitol on January 6, 2021. Two of the seven felonies are assaultive in nature, and the defendant faces a prison term of 20 years in each. It further alleged that the defendant interfered with police defending the Capitol (a penalty of five years) while he worked to corruptly obstruct the Congress (a penalty of 20 years) during the certification of the 2020 Presidential Election. The defendant faces a prison term of 10 years in each of the three remaining felonies. *See* ECF No. 11.

Under 18 U.S.C. § 3148(a), "[a] person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." Thomas's conditions have been made clear to him not only by Pretrial Services, but by this Court too.

On June 23, 2023, Pretrial Services reported that Thomas has failed to fully comply with several conditions of his release. Regarding the requirement that Thomas provide release for more information regarding his prescription for marijuana, Pretrial Services reports: "[a]fter several attempts to work with the defendant, he continues to fail to comply with the stated conditions."

Regarding his use of marijuana (a federal violation), Pretrial Services reports: "the defendant has not provided documentation confirming he was prescribed marijuana by a licensed medical practitioner." Regarding Thomas's requirement that he be assessed, Pretrial Services reports: the "defendant reportedly completed an assessment with Insight Behavioral Health in Flint, Michigan on 6/09/2023. *However, this has not been verified as he has refused to sign a release of information for PSA.*" (emphasis added).

Also troubling is Thomas's behavior surrounding Pretrial Services conducting a home visit. Pretrial Services reports: "The supervising officer attempted to conduct a home contact . . . but the defendant indicated he was not comfortable with the officer coming to his home without his attorney present." Unannounced home visits allow Pretrial Services to not only confirm the defendant is not a flight risk but also that he does not pose a danger to the community.

**Release of Information**

The Government sought further information from Pretrial Services and received a text message exchange between the defendant and his supervising pretrial services agent. Within it, Thomas wrote: "I'm gonna go ahead and sign up for regular visits. However I do not want them

2

to be biased or scared if they are conatced [sic] by federal officers and because of that I have talked with my attorneys and will not be signing the release of information act for pretrial services. However I will be reporting to the judge at the next hearing that I have decided to willingly seek therapy."

He then stated: "I will send you verification in one second. The judge did not order pretrial services to be involved in my therapy. They only asked that I seek treatment if needed. Pretrial services has nothing to do with it." Thomas concluded, "I do not give pretrial services permission to contact them regarding my case so please do not contact them or I will stop services with them immediately."

Within this Court's June 16, 2023, minute order, the Court outlined: "During the status hearing on May 1, 2023, the Court ordered . . . Defendant shall sign a release of information to allow Defense counsel and Pretrial Services Agency to receive paperwork, records, etc. from his medical provider regarding his marijuana prescription . . .; and Defendant shall undergo a mental health assessment and sign all required releases of information for PSA to obtain and report treatment compliance to the Court." The defendant has not complied with these orders.

### Police Contact

The defendant reported to his supervising agent that he was involved in a vehicle accident where a drunk driver struck his vehicle on May 31, 2023. The defendant explained that per policy of the Burton Police Department that he was issued a traffic citation for failing to stop in assured clear distance. The supervising officer obtained a copy of the police report. The Government also requested a copy of this police report. *See* Attachment 1.

The report, however, provides that Thomas informed the responding police officer at the accident that "he did not have time to stop, so he crashed into the Avalanche." Furthermore, the

responding police officer noted that Thomas had no valid insurance on the vehicle at the time of the accident. A violation of MCL 500.3102(2) is punishable by up to one year in jail and a fine between $200 and $500. *See* Attachment 2.

As the Court is aware, this is not the first time the defendant has operated a vehicle without appropriate insurance. As discussed in ECF No. 25, Pretrial Services reported that Thomas did not report police contact involving a *different* traffic stop on April 19, 2023. During that stop he was cited for "No Proof of Insurance." Thomas was convicted of that offense on June 13, 2023. The traffic accident on May 31, 2023 (where Thomas still had no insurance on his vehicle) occurred 30 days after this Court's most recent status hearing.

## Hearing on Allegations

Under 18 U.S.C. § 3148(b), "[t]he attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court." Further, an order of revocation shall be ordered if after hearing:

> The judicial officer—
> (1) finds that there is—
>     (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>     (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that—
>     . . .
>     (B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148(b).

While on release thus far, Thomas has not taken his conditions of release seriously. Each status hearing has been marred by further clarifications of the most basic expectations of supervision. The conditions are designed to assure the defendant's appearance or assure that the

defendant will not endanger the safety of any other person or the community. None of that can be accomplished without *some* effort by the defendant. Within the most recent recommendation for action, Pretrial Services has recommended program removal. The Government concurs with that recommendation. Thomas has not shown that he is capable of being forthcoming with any information to assure this Court he does not pose the threat to the community.

The release conditions imposed are to grant those assurances to this Court; however, it is unlikely this Court can remain assured that pretrial release is the appropriate disposition pending Thomas's trial of the serious felony charges he faces.

The Government therefore requests an in-person hearing, pursuant to 18 U.S.C. § 3148(b), and seeks the defendant's revocation of his current release status. If past is prologue, the defendant has illustrated his unwillingness to abide by the Court's orders.

                                                   Respectfully submitted,

                                                   MATTHEW M. GRAVES
                                                   United States Attorney
                                                   D.C. Bar No. 481052

Date: June 24, 2023                    /s/ *Adam M. Dreher*
                                                   ADAM M. DREHER
                                                   Assistant United States Attorney
                                                   MI Bar No. P79246
                                                   601 D. St. N.W.
                                                   Washington, D.C. 20530
                                                   (202) 252-1706
                                                   adam.dreher@usdoj.gov