UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 23-cr-69-CKK |
| | : | |
| ISAAC THOMAS | : | |
| | : | |
| Defendant. | : | |

### UNITED STATES'S RESPONSE TO DEFENDANT'S MOTION TO MODIFY THE TERMS OF PRETRIAL RELEASE

The United States of America respectfully submits this opposition to the defendant's motion to modify the terms of his pretrial release—that he be permitted to move to the Northern District of Texas.

**I.     Procedural History**

The defendant's performance on pretrial release has been less than stellar. Following the defendant's arrest in the Eastern District of Michigan, the defendant was provided with a list of pretrial conditions that instructed that he:

> (p) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. Provide documentation of any prescribed medications to the supervising officer and any new medications prescribed by a licensed medical practitioner throughout supervision. Refrain from the use of marijuana which is prohibited by federal law.

*United States v Isaac Thomas*, No. 23-mj-30035-CI, Filed January 26, 2023, E.D. Mich. ECF 6 p. 3 (Ivy, M.J.).

These restrictions continued once the defendant had his initial appearance in this district before Magistrate Judge Robin M. Meriweather on February 7, 2023. ECF 9. Since then, the

defendant has had four confirmed positive drug test results on January 31, 2023; March 2, 2023; March 31, 2023; and May 24, 2023. ECF 37 p 3 of 4. Magistrate Judge Meriweather also ordered the defendant not to violate federal, state, or local law while on release. ECF 9. The defendant was also ordered to notify Pretrial Services of any police contact. *Id*.

Following his indictment in this case, the defendant's behavior grew more concerning. On April 28, 2023, Pretrial Services filed a report recommending that action be taken by the Court. ECF 25. At a May 1, 2023 hearing, the Court ordered the defendant to submit a release of information related to his prescription, and mental health evaluation. Further, the Court addressed the defendant's unreported traffic violation. *See* Minute Entry, May 1, 2023. The defendant's behavior continued to escalate.

Following another Pretrial Services Report requesting action by the Court on June 23, 2023, the Government filed a motion to revoke the defendant's release. ECF 32 and 33. The Court ordered that an in-person hearing occur on July 3, 2023. *See* Minute Order, June 29, 2023. At that July 3, 2023 hearing, the defendant "represented that he has since signed medical release forms authorizing Pretrial Services to obtain medical records regarding Defendant's purported prescription for medical marijuana." *See* Minute Order July 6, 2023.

The Court set another status hearing for August 18, 2023, and continued consideration of the government's motion to revoke pretrial release until that date. Minute Order July 6, 2023.

On July 24, 2023, government counsel received an email requesting consent for the motion to modify the terms of the defendant's release conditions that is the subject of this Opposition. In response, government counsel outlined concerns and ultimately was unable to consent without being provided with more information about the details of the job offer, the employer and the

2

defendant's proposed residence in Texas. A phone conference to alleviate those concerns was scheduled but did not occur.

On August 5, 2023, the defendant filed his motion requesting a modification to his release conditions. ECF 39. This Court ordered the government to respond by August 16, 2023. Minute Order August 11, 2023. The same concerns the government had on July 24, 2023, are still present.

**II.     Argument**

Based upon the defendant's failure to abide by his conditions of release, this Court should deny the defendant's motion to move to Texas and grant the government's motion to revoke his release.

One of the troubling revelations from the defendant's filing is from the photograph of the order for eviction. ECF 39-8. Although the order of eviction was signed July 6, 2023, the judgment was entered—by consent—on June 21, 2023. ECF 39-2. This consent judgment would have taken place just a week-and-a-half before this Court's hearing on July 3, 2023, but the defendant did not raise this issue. Instead, he now prays for his requested relief suggesting that this issue iss an emergency. .

More troubling than the date of the judgment, is that the summons and complaint of this landlord-tenant case was filed in April 2023.[1] This was not an emergency. The defendant did not raise this issue to the Court *until* it became an emergency.

While on pretrial release, the defendant has continued to only share the information that *he thinks* this Court needs to know. His conduct shows a profound misunderstanding of the assurances he must provide to this Court that he will not violate his conditions of release. Outside of any issue

---

[1] https://micourt.courts.michigan.gov/case-search/court/D67/search?firstName=&middleName=&lastName=&birthYear=0&caseNumber=C23F0904&caseYear=2023&caseType=lt&page=1 Last accessed August 12, 2023

related to the pending revocation decision, the defendant has not made a good-faith effort to conform his behavior to the conditions of his pretrial release.

The defendant did not complete this Court's ordered tasks in Michigan before he set off to Texas. The new district will find him starting all over. Following this Court's order for a response, the government contacted Pretrial Services in the Eastern District of Michigan and learned that the defendant's "permission" to go to Texas occurred by way of a not-so-clever ruse. The defendant obtained permission to travel to Texas on July 27, 2023; however, the permission was to be there only until August 2, 2023.[2] The defendant contacted Pretrial Services and informed his supervising officer of the pending motion on August 5, 2023. On August 8, 2023, the defendant then told his supervising officer that he would only return if the Court denied his motion to move. The defendant exceeded the bounds of the permission he received to leave Michigan.

Travel until only August 2, 2023 was important because the defendant had a court date in Michigan's 67th District Court on August 8, 2023 related to the traffic citation he received on May 31, 2023. This traffic citation gave rise to the government's request for revocation in that the defendant was operating his vehicle without insurance, in violation Michigan law,[3] although he was only cited for failing to stop within an assured clear distance. The defendant demanded a hearing on this citation.[4] After receiving the citation, the defendant informed Pretrial Services that he had police contact; however, he did not inform Pretrial Services of the extent of the contact.

On August 8, 2023, the morning of the defendant's scheduled hearing, the defendant called

---

[2] The defendant received permission to inspect the residence that he would move to should the Court grant permission for the move.
[3] Michigan Compiled Laws 500.3102(2); misdemeanor penalty of 1 year incarceration.
[4] https://micourt.courts.michigan.gov/case-search/court/D67/search?firstName=&middleName=&lastName=&birthYear=0&caseNumber=23F00660&caseYear=2023&caseType=oi&page=1 Last accessed August 12, 2023.

4

the clerk of the court approximately 50-100 times requesting that his in-person hearing be changed to a zoom hearing. The clerk called the police.

In some of the calls, the clerk then placed an officer with the Burton City Police Department on the phone to talk to the defendant. The defendant's August 8, 2023 hearing date was moved to August 9, 2023, but a default judgment was entered following the defendant's failure to appear. On August 10, 2023, Pretrial Services received a copy of Burton Police Department Case Report No. 2383902322. As of August 11, 2023, the defendant has not yet reported that conduct.

As part of the judgment, the defendant's driver's license has now been suspended. It will remain suspended until he complies with the default judgment.

A misdemeanor complaint has been filed against the defendant based upon his conduct on August 8, 2023. The complaint alleges that Mr. Thomas "did threaten physical harm or damage to any person or property or used any vulgar, indecent, obscene, or offensive language or suggested any lewd or lascivious act, the person being: [AH] of the 67th District Court, Burton." *See* Complaint Misdemeanor, attached as Exhibit A. The penalty for the city ordinance violation is a maximum possible penalty of 90 days incarceration.

The defendant was unable to comply with pretrial release orders in the locale where he was born and raised. It is unlikely he will be able to succeed in a completely new environment in Texas. The defendant's attempts to comply with this Court's order in Texas have already met the same fate they had in Michigan. The mental health "assessment" took place at an in-patient facility that recommended the defendant seek an assessment from an out-patient facility. The defendant refused.

The defendant continues to fail to appreciate the seriousness of his conduct on January 6, 2021. Although the defendant continues to complain of the harassment he has received because of his criminal charge, he has used his actions to raise money for his legal defense. *See* Figure 1.



*Figure 1*: Screen taken from *https://www.givesendgo.com/G9SPD* Last accessed August 12, 2023

The defendant has also provided a 90-minute interview describing his activities on January 6, 2021. *See* Figure 2.



*Figure 2*: Screengrab taken from *https://rumble.com/v2kh19u-j6-isaac-thomas-foster-child-flint-save-the-children-abuse-hhs.html* Last accessed August 12, 2023

It is this type of behavior by the defendant that caused the government to wonder *why* the defendant was offered a job and car halfway across the country.

The government is not questioning the benefits the defendant *could* receive from the opportunity in Texas, but the defendant has not provided any details of this potential opportunity

or the identity or motivation of the individual that provided the opportunity. The defendant does not provide any indication within his motion whether this individual had a relationship with the defendant prior to January 6, 2021. He does not suggest this individual is family, or a close-friend, or an individual that is responsible. Instead, he only indicates the move is because of "supportive contacts." ECF 39 p 3. There is not enough information provided for the government to support the move or for the Court to grant the motion.

### III.    Conclusion

With the defendant's continued pattern of not providing full information, the continued escalation of his behavior, and the new unknown environment he would move to, this Court should deny the defendant's motion to modify his pretrial release conditions and not allow his move to Texas. Further, with the defendant's inability to comply with the Court's previous orders related to the release of information and this new failure to report police contact, the government respectfully requests this Court revoke the defendant's release order.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

Date: August 15, 2023                    /s/ *Adam M. Dreher*
ADAM M. DREHER
Assistant United States Attorney
Mich. Bar No. P79246
601 D. St. N.W.
Washington, D.C. 20530
(202) 252-1706
adam.dreher@usdoj.gov