UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

ISAAC ANTHONY THOMAS,

Defendant.

Criminal Action No. 23-69-1 (CKK)

## MEMORANDUM OPINION
(August 17, 2023)

Pending before the Court is Defendant Issac Anthony Thomas's [39] Motion to Modify Conditions of Release. Defendant asks the Court to allow him "to relocate his residence to Texas" and, more specifically, requests that his supervision be transferred from the Eastern District of Michigan to the Northern District of Texas. ECF No. 39 at 1, 4.

Defendant Thomas explains that he had to relocate to Texas "for emergency financial reasons to avoid imminent homelessness" and "for emergency shelter." *Id.* at 1. Defendant was evicted from his home in Michigan in July. *Id.* Ex. B (eviction judgment); *see also* ECF No. 40 at 3. Although he paid the outstanding debt for his eviction, he was $80 short of being able to redeem and continue his lease. ECF No. 39 at 2–3. As a result, he was "unable to remain in his Michigan residence and was facing imminent homelessness;" he now states that if the Court does not approve his move to Texas, he will "have nowhere to live," as he is an orphan with no family or support network in Michigan. *Id.* at 3. Defendant was offered the use of a place to stay in Texas from "supportive contacts." *Id.* at 3.

Defendant also explains that he lost his job in Michigan "due to people harassing his employer… concerning the events of January 6th." *Id.* He expressed concerns that he will "be unable to stay in touch with his attorneys or the court if he had no place to live and no job to

1

keep his phone in service" in Michigan.  *Id.*  He was offered a job in the countryside to the north of Dallas, Texas doing groundskeeping and maintenance for a company's residential clients, as well as use of a car from "supportive contacts" while starting up with his new employment.  *Id.*

Due to these circumstances, Defendant Thomas made plans to travel to Texas.  As is required by the [9] Order Setting Conditions of Release, Defendant notified a Pretrial Services Agency ("PSA") Officer for the Eastern District of Michigan in advance of this travel outside of that district.  *See* ECF No. 9 at 3.  Said Officer contacted PSA in the District of Columbia and then passed along their response—that they did not object to his traveling to Texas, but that he must obtain a court order for a permanent move.  ECF No. 39 at 2; *see also id.* Ex. A.  The Pretrial Services Officer in the District of Columbia said that this "must be done prior to him moving."  *Id.* Ex. A.

PSA for the District of Columbia indicates that they were informed on July 17, 2023 that Defendant Thomas was being evicted at the end of the month.  ECF No. 40 at 3.  On July 27, Defendant was given permission to travel to Texas to inspect the residence offered to him.  *Id.*; *see also* ECF No. 39 at 3.  He indicated that he was only planning on staying until August 2, 2023.  ECF No. 40 at 3.  However, on August 1, 2023, the Defendant notified his supervising officer that he would not be making it back to Michigan by August 2 and instead that he would provide an update by August 4.  *Id.*  Defendant did not provide an update as promised.  *Id.*  On August 5, Defendant notified his supervising officer that his attorney filed a motion for him to move to Texas.  *Id.* at 3.  The Motion indicates that "the move is not a temporary visit but contemplated to be a permanent relocation."  ECF No. 39 at 2.  As PSA sees it, "[t]he [D]efendant moved to Texas without prior approval from the Court or from PSA."  ECF No. 40 at 3.  The Government adds that "[t]he defendant [] told his supervising officer that he would

only return if the Court denied his motion to move," which "exceeded the bounds of the permission he received to leave Michigan." ECF No. 41 at 4. To the Court's knowledge, Defendant is currently located in Texas.

The Government filed a [41] Response to Defendant's [39] Motion opposing the requested relief. In their Response, the Government highlights a lack of detail regarding Defendant Thomas's potential move. *See* ECF No. 41 at 7–8. On July 24, 2023, prior to the Defendant's filing of the pending [39] Motion, the Government was contacted regarding the Defendant's intent to file such a motion. *Id.* at 2. The Government informed Defense counsel that they needed additional information about the details of Defendant Thomas's job offer, employer, and proposed residence; a phone conference to discuss this information was scheduled but did not occur. ECF No. 41 at 2–3. Defendant has not provided any additional detail regarding the job "or the identity or motivation of the individual that provided the opportunity," including whether he had a relationship with the individual prior to January 6, 2021. *Id.* at 8; *see generally* ECF No. 39. He has also not provided information as to whether the "supportive contacts" offering him use of a residence and car are family, close friends, or otherwise. ECF No. 41 at 8; *see generally* ECF No. 39.

The Government also points out what they believe to be "troubling revelations from the defendant's filing." ECF No. 41 at 3. The summons and complaint in Defendant's landlord-tenant case was filed in April 2023 and the judgment was entered by consent on June 21, 2023, which was a week and a half prior to the last hearing held before this Court on July 3, 2023. *Id.* (citing ECF No. 39 Ex. B). However, Defendant Thomas did not mention the eviction at that hearing. Instead, having filed the [39] Motion over one month later, on August 5, 2023—and, the Government notes, many months after the landlord-tenant case was initially filed—

3

Defendant now presents the issue as an "emergency." *Id.*

The Government also explains that Defendant's permission to visit Texas until August 2 was important because Defendant had a court date in Michigan's 67th District Court on August 8, 2023 related to the traffic citation he received on May 31, 2023. *Id.* at 4.  This traffic citation had given rise to the Government's [33] Motion to Revoke Release Order[1] for operating a vehicle without insurance in violation of Michigan law. *Id.*  On August 8, 2023, the morning of the scheduled hearing, as Defendant Thomas was still in Texas, he called the clerk of the court in Michigan approximately fifty to one hundred times requesting that his in-person hearing be changed to a Zoom hearing. *Id.* at 4–5.  The clerk called the Burton City Police Department, resulting in a misdemeanor complaint being filed against him alleging that he "did threaten physical harm or damage to any person or property or used any vulgar, indecent, obscene, or offensive language or suggested any lewd or lascivious act." *Id.* at 5; *see also id.* Ex A.  The penalty for this violation is a maximum possible penalty of ninety days incarceration. *Id.* at 5.  As a result of these calls, the August 8 hearing date was moved to August 9, but Defendant still failed to appear, resulting in a default judgment being entered against him.  *Id.*  Among other penalties, his driver's license has been suspended and will remain so until he complies with the default judgment.  *Id.*  The misdemeanor case remains pending.

Next, the Government argues that Defendant "continues to fail to appreciate the seriousness of his conduct on January 6, 2021." *Id.* at 6.  Although Defendant complains of harassment and doxxing experienced as a result of his criminal charge, *see* ECF No. 39 at 3, he continues to raise money for his legal defense online and, just a few months ago, gave a ninety-minute interview describing his participation in the insurrection, *see* ECF No. 40 at 6–7.

---

[1] The Court notes that the [33] Motion remains pending before this Court; the Court will discuss it further at the hearing scheduled for August 18, 2023.

Lastly, and perhaps most importantly, the Government emphasizes Defendant Thomas's various violations of his conditions of release, ECF No. 41 at 1, which are also detailed in the most recent Pretrial Violation Report, *see* ECF No. 40. Defendant has failed to complete an intake assessment with a mental health facility as instructed, failed to report contacts with law enforcement to his supervising officer, and tested positive for marijuana numerous times. ECF No. 40 at 2–4. He has been issued a warrant for Threats by Computer, Telephone, or Other Communication Device, as was described above. *Id.* at 3–4. As also mentioned above, there is a pending [33] Motion to Revoke Release Order for operating a vehicle without insurance in violation of Michigan law, which also violates his [9] Conditions of Release. Throughout Defendant Thomas's pretrial release, he has failed to provide required information to PSA and the Court; the Government argues that Defendant's "conduct shows a profound misunderstanding of the assurance he must provide to this Court that he will not violate his conditions of release." ECF No. 41 at 3. PSA has been unable to confirm licensing for a medical marijuana facility at which Defendant obtains marijuana nor the dosage he receives, ECF No. 40 at 3, which was ordered by the Court, *see* Minute Order, June 16, 2023. They have also been unable to verify information, including a medical marijuana card, facility, and doctor in Texas. ECF No. 40 at 3. As a result, PSA is recommending removal from the program.[2] *Id.* at 4. The Government adds that as Defendant is unable to comply with pretrial release orders in the jurisdiction he was born and raised, "[i]t is unlikely he will be able to succeed in a completely new environment in Texas." ECF No. 41 at 5. They also point to issues that have already arisen in Texas related to a Court-ordered mental health assessment. *See id.* Defendant reported to PSA that he completed the assessment and no recommendations were made;

---

[2] Again, the pending [33] Motion will be discussed further at the August 18, 2023 hearing.

however, the social worker that worked with Defendant told PSA that a full biopsychosocial assessment was not completed and that she provided him with a referral for outpatient treatment, but he denied her referral.  ECF No. 40 at 3.

The Court has considered Defendant Thomas's track record relating to his conditions of release, his behavior and understanding—or lack thereof—the seriousness of the charges against him and the need to comply with his conditions, the Government's [41] Opposition, and PSA's [40] Report condemning his move to Texas, as well as their recommendation for program removal.  For these reasons, and particularly in light of Defendant Thomas's failure to conform with his current pretrial release conditions, the Court **DENIES** Defendant Thomas's [39] Motion to Modify Conditions of Release.  Defendant remains subject to the [9] Order Setting Conditions of Release until further Order.

An appropriate Order will accompany this Memorandum Opinion.

/s/

**COLLEEN KOLLAR-KOTELLY**

United States District Judge