UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 23-cr-69-CKK |
| | : | |
| ISAAC THOMAS | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S NOTICE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, responds to the Court's August 25, 2023 communication. The Court requested the government to investigate any reason for concern if the defendant *were* to enter into a lease that was provided by the defendant.

Defendant Isaac Thomas provided a fillable PDF form "Lease to Own" agreement with information provided from a residence in Flint, Michigan.[1] The government, after reviewing its current holdings, does not believe that "Jim McAuley," or "James McAuley" is associated with any known January 6-related investigation.

However, Michigan's Genesee County Register of Deeds provides publicly available property ownership information on its website. Currently, the property is listed as being owned by "MCAULEY, JAMES & WF JUDY." But on April 11, 2023, a certificate of forfeiture of real property was recorded on both parcels of land outlined within the lease provided by the defendant. One parcel of the listed property currently has $2,046.53 in tax arrearage. The other parcel

---

[1] A blank form can be found at: https://eforms.com/rental/mi/michigan-lease-to-own-option-to-purchase-agreement/ Last accessed August 26, 2023.

currently is $575.86 in arrearage. The City of Flint's website lists the property as having $562.78 in utilities cost owed by "MCAULEY, JUDY." The City's website also contains an image of the property from June 27, 2019.[2] *See* Figure 1.



*Figure 1*

Respectfully, the government questions the veracity of the unsigned lease provided. The assessed value of the improved parcel is $11,700. The assessed value of the unimproved parcel is $2,100. The taxable value is $8,237 and $443 respectively. A publicly available online search provided a more recent depiction of the property. *See* Figure 2.

---

[2] The most recent view on "Google Street view" was taken March 2022.



*Figure 2*

Within the "Lease to Own" document provided the purchase price of both parcels is listed at $25,000. At nearly twice the assessed value of both parcels, the agreement also purports to require an option fee of $3,000; however, the period of the purchase option is listed to begin *after* two years of renting the property. There is no end date to the option period, but the $22,000 remainder of the purchase price would nearly be paid in full at the end of two years.

According to the Genesee County Register of Deeds, James and Judy McAuley also own property in Flushing, Michigan, that is not currently in arrearage.[3] But James McAuley is listed as

---

[3] That property is approximately 12 miles away from the property listed on the lease.

the owner of three separate properties within the City of Flint.[4] Each of these properties are also in arrearage.

McAuley is the plaintiff in one landlord-tenant matter in the state court. The case was filed in January 2019, and the termination of tenancy was signed in February 2019 following a default judgment. Although the address of the property is not listed within the online record search, the case was filed within the City of Flint division of the court. The government was unable to find any sort of advertisement for renting any of the properties owned by McAuley.

There is no way to determine who created the form. But given the defendant's prior lack of candor while on pretrial release, there is also no assurance the lease is genuine. Paragraph 1 incorrectly spells "thousand" and "hundred." Paragraph 2 incorrectly identifies the *type* of utilities to be responsible to the tenant and makes no mention of the *already* owed utility cost attached to the property. Paragraph 4 creates an option period to begin in 2 years but does not provide any sort of ending to that option period. It also makes no mention of the current tax arrearage. Finally, the entirety of the agreement would seemingly need *both* current owners listed if it is to transfer title in two years.

The government does not have insight into the defendant's finances; however, entering into an agreement that would require the defendant to immediately provide $3,000, followed by $900 per month, to "rent to own" *any* property would seemingly be out of reach to an individual just recently evicted for supposedly failing to pay $80. Given the lack of any advertisement related to this property, or any further information provided by the defendant as to *how* he came into contact

---

[4] James is listed on these without Judy; however, the "owner's address" matches the address of the provided lease. These three properties are neighboring parcels approximately 0.3 miles from the lease property.

4

with James McAuley, it is unlikely McAuley would enter into any sort of agreement with the defendant given the defendant's housing history.

As this Court knows, there have been previous instances of the defendant providing inaccurate information to Pretrial Services. Already pending is a current question as to the defendant's veracity while on pretrial release. Given what has been provided thus far to the government and the Court, the answer to the question of whether there is any reason for concern: the answer is yes. The government maintains its earlier concerns.

                                  Respectfully submitted,

                                  MATTHEW M. GRAVES
                                  United States Attorney
                                  D.C. Bar No. 481052

Date: August 26, 2023                /s/ *Adam M. Dreher*
                                  ADAM M. DREHER
                                  Assistant United States Attorney
                                  Mich. Bar No. P79246
                                  601 D. St. N.W.
                                  Washington, D.C. 20530
                                  (202) 252-1706
                                  adam.dreher@usdoj.gov