APPEAL,CAP,CAT B

# U.S. District Court
## District of Columbia (Washington, DC)
## CRIMINAL DOCKET FOR CASE #: <u>1:23−cr−00069−CKK</u>−1

Case title: USA v. THOMAS et al

Magistrate judge case number:  1:23−mj−00024−ZMF

Date Filed: 03/08/2023

Assigned to: Judge Colleen Kollar−Kotelly

**<u>Defendant (1)</u>**

| | | |
|---|---|---|
| **ISAAC ANTHONY THOMAS** | represented by | **John M. Pierce** |
| | | JOHN PIERCE LAW P.C. |
| | | 21550 Oxnard Street |
| | | Suite 3rd Floor OMB #172 |
| | | Woodland Hills, CA 91367 |
| | | 213−400−0725 |
| | | Email: jpierce@johnpiercelaw.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Retained* |

| **<u>Pending Counts</u>** | **<u>Disposition</u>** |
|---|---|
| 18:231(a)(3); CIVIL DISORDER; Civil Disorder. (1) | |
| 18:1512(c)(2) and 2; TAMPERING WITH A WITNESS, VICTIM OR INFORMANT; Obstruction of an Official Proceeding and Aiding and Abetting . (2) | |
| 18:111(a)(1) and (b); ASSAULTING/RESISTING/IMPEDING OFFICERS/EMPLOYEES; Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon. (3−4) | |
| 18:1752(a)(1) and (b)(1)(A); TEMPORARY RESIDENCE OF THE PRESIDENT>; Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon. (5) | |

1

18:1752(a)(2) and (b)(1)(A);
TEMPORARY RESIDENCE OF THE
PRESIDENT; Disorderly and Disruptive
Conduct in a Restricted Building or
Grounds with a Deadly or Dangerous
Weapon.
(7)

18:1752(a)(4) and (b)(1)(A);
TEMPORARY RESIDENCE OF THE
PRESIDENT; Engaging in Physical
Violence in a Restricted Building or
Grounds with a Deadly or Dangerous
Weapon.
(9)

40:5104(e)(2)(D); VIOLENT ENTRY
AND DISORDERLY CONDUCT ON
CAPITOL GROUNDS; Disorderly
Conduct in a Capitol Building.
(10)

40:5104(e)(2)(F); VIOLENT ENTRY
AND DISORDERLY CONDUCT ON
CAPITOL GROUNDS; Act of Physical
Violence in the Capitol Grounds or
Buildings.
(11)

40:5104(e)(2)(G); VIOLENT ENTRY
AND DISORDERLY CONDUCT ON
CAPITOL GROUNDS; Parading,
Demonstrating, or Picketing in a Capitol
Building.
(12)

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
| --- | --- |
| COMPLAINT in Violation of 18:1752(a)(1), 18:1752(a)(2), 18:1752(a)(4), 18:1752(b)(1)(A), 40:5104(e)(2)(D), 40:5104(e)(2)(F), | |

40:5104(e)(2)(G), 18:111(a)(1) and (b),
18:1512(c)(2) and 18:231(a)(3)

**Plaintiff**

**USA**                                                represented by   **Adam Michael Dreher**
                                                                       UNITED STATES ATTORNEY'S
                                                                       OFFICE
                                                                       Capitol Siege
                                                                       601 D. Street NW
                                                                       Washington, DC 20530
                                                                       202−252−1706
                                                                       Email: adam.dreher@usdoj.gov
                                                                       *LEAD ATTORNEY*
                                                                       *ATTORNEY TO BE NOTICED*
                                                                       *Designation: Assistant U.S. Attorney*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 01/24/2023 | 1 | SEALED COMPLAINT as to ISAAC THOMAS (1), CHRISTINA LEGROS (2). (Attachments: # 1 Redacted Statement of Facts) (zstd) [1:23−mj−00024−ZMF] (Entered: 01/25/2023) |
| 01/24/2023 | 3 | MOTION to Seal Case by USA as to ISAAC THOMAS, CHRISTINA LEGROS. (Attachments: # 1 Text of Proposed Order)(zstd) [1:23−mj−00024−ZMF] (Entered: 01/25/2023) |
| 01/24/2023 | 4 | ORDER granting 3 Motion to Seal Case as to ISAAC THOMAS (1), CHRISTINA LEGROS (2). Signed by Magistrate Judge Zia M. Faruqui on 1/24/2023. (zstd) [1:23−mj−00024−ZMF] (Entered: 01/25/2023) |
| 01/27/2023 | 5 | Arrest Warrant, dated 1/24/2023, Returned Executed on 1/26/2023 as to ISAAC THOMAS. (zltp) [1:23−mj−00024−ZMF] (Entered: 01/30/2023) |
| 01/27/2023 |   | Arrest of ISAAC THOMAS in Michigan. (zltp) [1:23−mj−00024−ZMF] (Entered: 01/30/2023) |
| 01/30/2023 |   | Case unsealed as to ISAAC THOMAS, CHRISTINA LEGROS (zltp) [1:23−mj−00024−ZMF] (Entered: 01/31/2023) |
| 02/01/2023 |   | MINUTE ORDER as to ISAAC THOMAS (1): It is hereby ORDERED that Defendant appear for an initial appearance on 2/7/2023 at 1:00 p.m. before Magistrate Judge Robin M. Meriweather. The hearing will be conducted by video teleconference; call−in instructions will be provided to counsel prior to the hearing. Counsel for the United States is directed to ensure that counsel for Defendant has received this Order and will provide the information to Defendant. If Defendant does not have counsel, counsel for the United States is directed to contact the Office of the Federal Public Defender for the District of Columbia and provide their office with the information contained in this Order. If the parties have questions about this Order or the scheduled hearing, please contact the Courtroom Deputy at 202−354−3083. Signed by Magistrate Judge Robin M. Meriweather on 2/1/2023. (zcll) [1:23−mj−00024−ZMF] (Entered: 02/01/2023) |

| 02/02/2023 | 7 | NOTICE OF ATTORNEY APPEARANCE: John M. Pierce appearing for ISAAC THOMAS (Pierce, John) [1:23–mj–00024–ZMF] (Entered: 02/02/2023) |
|---|---|---|
| 02/07/2023 | | ORAL MOTION for Speedy Trial by USA as to ISAAC THOMAS (1). (zcll) [1:23–mj–00024–ZMF] (Entered: 02/07/2023) |
| 02/07/2023 | | Minute Entry for proceedings held before Magistrate Judge Robin M. Meriweather: First Appearance in the District as to ISAAC THOMAS (1) held on 2/7/2023. Defendant present by video. The Court advised the Government of its due process obligation under Rule 5(f). Oral Motion by the Government for Speedy Trial as to ISAAC THOMAS (1); heard and granted. Speedy Trial is excluded from 2/7/2023 to 3/30/2023 in the Interest of Justice (XT). The Defendant waives the right to a Preliminary hearing. Status hearing set for 3/30/2023 at 1:00 PM by Telephonic/VTC before Magistrate Judge Robin M. Meriweather. Bond Status of Defendant: Defendant remains on Personal Recognizance; Court Reporter: FTR GOLD; FTR Time Frame: CTRM 7 [1:23:55 – 1:33:59]; Defense Attorney: John Pierce; US Attorney: Fred Yette for Adam Dreher; Pretrial Officer: Katrina Stanford. (zcll) [1:23–mj–00024–ZMF] (Entered: 02/07/2023) |
| 02/07/2023 | | MINUTE ORDER as to ISAAC THOMAS (1): As required by Rule 5(f), the United States is ordered to produce all exculpatory evidence to the defendant pursuant to Brady v. Maryland and its progeny. Not doing so in a timely manner may result in sanctions, including exclusion of evidence, adverse jury instructions, dismissal of charges and contempt proceedings. Signed by Magistrate Judge Robin M. Meriweather on 2/7/2023. (zcll) [1:23–mj–00024–ZMF] (Entered: 02/07/2023) |
| 02/07/2023 | 9 | ORDER Setting Conditions of Release as to ISAAC THOMAS (1) Personal Recognizance. Signed by Magistrate Judge Robin M. Meriweather on 2/7/2023. (Attachments: # 1 Appearance Bond) (zcll) [1:23–mj–00024–ZMF] (Entered: 02/09/2023) |
| 03/08/2023 | 11 | INDICTMENT as to ISAAC THOMAS (1) count(s) 1, 2, 3–4, 5, 7, 9, 10, 11, 12, CHRISTINA LEGROS (2) count(s) 6, 8, 10, 12. (zhsj) (Entered: 03/10/2023) |
| 03/10/2023 | | MINUTE ORDER as to ISAAC ANTHONY THOMAS and CHRISTINA ANN LEGROS. The Court ORDERS ISAAC THOMAS (1) and CHRISTINA LEGROS (2) to appear for a status hearing and arraignment on MARCH 20, 2023 at 1:00 pm on Zoom videoconference. The Court ORDERS both Defendants to file written waivers of consent to proceed via Zoom videoconference by MARCH 14, 2023.<br><br>Defense counsel for CHRISTINA LEGROS (2) is instructed to file a Speedy Trial Waiver, signed by Defendant, by MARCH 14, 2023 regarding whether she consents to the exclusion of time between March 14, 2023 – the date until which her Speedy Trial time has been excluded, pursuant to the Minute Entry on February 21, 2023 – until March 20, 2023. Per the Minute Entry on February 7, 2023, Defendant ISAAC THOMAS (1)'s Speedy Trial time has already been tolled until March 30, 2023. Signed by Judge Colleen Kollar–Kotelly on 3/10/23. (lcckk3) (Entered: 03/10/2023) |
| 03/10/2023 | | Set/Reset Deadlines/Hearings as to ISAAC ANTHONY THOMAS(1), CHRISTINA ANN LEGROS(2): Defendants to file written waivers of consent to proceed via Zoom videoconference by 3/14/2023. Arraignment and Status Conference set for 3/20/2023 at 1:00 PM via Telephonic/VTC before Judge Colleen Kollar–Kotelly. (dot) (Entered: 03/13/2023) |
| 03/14/2023 | 15 | |

| | | |
|---|---|---|
| | | NOTICE *DEFENDANTS CONSENT TO APPEAR BY VIDEO CONFERENCE* by ISAAC ANTHONY THOMAS (Pierce, John) (Entered: 03/14/2023) |
| 03/14/2023 | 16 | MOTION for Speedy Trial *Tolling* by USA as to ISAAC ANTHONY THOMAS, CHRISTINA ANN LEGROS. (Attachments: # 1 Text of Proposed Order)(Dreher, Adam) (Entered: 03/14/2023) |
| 03/16/2023 | | NOTICE OF HEARING as to ISAAC ANTHONY THOMAS (1): Arraignment and Status Hearing set for 3/20/2023 at 12:00 PM via Telephonic/VTC before Judge Colleen Kollar−Kotelly. (dot) (Entered: 03/16/2023) |
| 03/20/2023 | 19 | ORDER denying without prejudice 16 Motion for Speedy Trial as to ISAAC ANTHONY THOMAS (1) and CHRISTINA ANN LEGROS (2). See Order for more details. Signed by Judge Colleen Kollar−Kotelly on 3/20/23. (lcckk3) (Entered: 03/20/2023) |
| 03/20/2023 | 20 | ORDER pursuant to the Due Process Protections Act and Local Rule of Criminal Procedure 5.1, confirming the disclosure obligation of the government under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and the possible consequences of violating such order under applicable law. Signed by Judge Colleen Kollar−Kotelly on 3/20/23. (lcckk3) (Entered: 03/20/2023) |
| 03/20/2023 | | MINUTE ORDER as to ISAAC ANTHONY THOMAS (1). The Court held a status hearing in this matter on March 20, 2023. Due to health concerns surrounding COVID−19 and with Defendant's consent, the status hearing took place by videoconference. Defendant, Defense counsel, counsel for the Government, and a court reporter were present by video.<br><br>Defendant was arraigned on the charges in the 11 Indictment. Defendant confirmed that he had received a copy of the Indictment and waived formal reading of the Indictment. Defendant was read the substance of the twelve counts contained in the Indictment and entered a plea of "not guilty" as to all twelve counts. During the status hearing, the Court discussed discovery and advised the government of its continuing *Brady* obligations in this case. *See also* 20 Order. Government indicated that case−specific discovery has been produced to Defendant; the Government is waiting for Defendant's response regarding a protective order governing general discovery. The Court ORDERS the parties to appear for a status hearing on APRIL 25, 2023 at 2:00 pm via Zoom videoconference.<br><br>During the status hearing, the Court discussed with Defendant his Speedy Trial Act rights and directed counsels to review the 19 Order posted earlier today. The Court ORDERS Defense counsel to discuss with his client his Speedy Trial rights and to file a waiver, signed by Defendant Thomas, by no later than MARCH 23, 2023 regarding whether he consents to the exclusion of time between March 8, 2023, the date the 11 Indictment was filed, and the date of the next status hearing on April 25, 2023. Signed by Judge Colleen Kollar−Kotelly on 3/20/23. (lcckk3) (Entered: 03/20/2023) |
| 03/20/2023 | | Minute Entry for videoconference proceedings held before Judge Colleen Kollar−Kotelly: Arraignment as to ISAAC ANTHONY THOMAS (1), as to Counts 1,2,3,4,5,7, 9,10,11,12 held on 3/20/2023. Plea of Not Guilty entered as to All Counts. Status Conference as to ISAAC ANTHONY THOMAS (1) held on 3/20/2023. Excludable started as to ISAAC ANTHONY THOMAS (1). Speedy Trial (XT) is tolled in the Interest of Justice from 3/20/2023 to 4/25/2023. Status Conference set for 4/25/2023 at 2:00 PM via Telephonic/VTC before Judge Colleen Kollar−Kotelly. |

| | | |
|---|---|---|
| | | Bond Status of Defendant: Personal Recognizance; Court Reporter: Lisa Edwards; Defense Attorney: John Pierce; US Attorney: Adam M. Dreher. (dot) (Entered: 03/20/2023) |
| 03/23/2023 | 21 | MOTION for Speedy Trial , MOTION for Waiver by ISAAC ANTHONY THOMAS. (Pierce, John) (Entered: 03/23/2023) |
| 04/18/2023 | | MINUTE ORDER. Due to exigent circumstances, the status hearing set for April 25, 2023 is CONTINUED until MAY 1, 2023 at 1:30 pm via Zoom videoconference. Signed by Judge Colleen Kollar–Kotelly on 4/18/23. (lcckk3) (Entered: 04/18/2023) |
| 04/18/2023 | | Set/Reset Hearings as to ISAAC ANTHONY THOMAS:Status Conference set for 5/1/2023 at 1:30 PM via Telephonic/VTC before Judge Colleen Kollar–Kotelly. (dot) (Entered: 04/20/2023) |
| 05/01/2023 | | MINUTE ORDER as to ISAAC ANTHONY THOMAS (1). The Court held a status hearing in this matter on May 1, 2023. Due to health concerns surrounding COVID–19 and with Defendant's consent, the status hearing took place by videoconference. Defendant, Defense counsel, counsel for the Government, and a court reporter were present by video. <br><br> The Court discussed the 23 Pretrial Violation Report and Defendant's marijuana usage. The Court refers Defendant for outpatient mental health evaluation. The Court ORDERS Defendant to file a medical report, obtained from his Doctor, and mental health evaluation. The Court also discussed the 25 Pretrial Violation Report and Defendant's unreported traffic violation. The parties remain engaged in discovery. <br><br> The Court ORDERS the parties to appear for a status hearing on JULY 3, 2023 at 10:00 am via Zoom videoconference. The Court requests Pretrial Services Agency provide a status report by JUNE 23, 2023. <br><br> The Court discussed with Defendant his Speedy Trial Act rights. Defendant consented to the exclusion of time from April 25, 2023, the date of the continued status hearing, until JULY 3, 2023, the date of the next status hearing. The Court finds that a continuance of Defendant's Speedy Trial rights serves the "ends of justice" and outweighs the best interests of both the community and Defendant because the continuance will allow Defendant to make decisions about the future of this case, including how to proceed regarding the pending motions. 18 U.S.C. § 3161(h)(7)(A). Taking into account this continuance, the Court has calculated that Defendant's new 70–day deadline is September 11, 2023. Signed by Judge Colleen Kollar–Kotelly on 5/1/23. (lcckk3) (Entered: 05/01/2023) |
| 05/01/2023 | | Minute Entry for proceedings held before Judge Colleen Kollar–Kotelly: Status Conference as to ISAAC ANTHONY THOMAS (1) held on 5/1/2023. Excludable started as to ISAAC ANTHONY THOMAS (1). Speedy Trial (XT) is tolled in the Interest of Justice from 4/25/2023 to 7/3/2023. Status Conference set for 7/3/2023 at 10:00 AM via Telephonic/VTC before Judge Colleen Kollar–Kotelly. Bond Status of Defendant: Personal Recognizance; Court Reporter: Stacy Heavenridge; Defense Attorney: John M. Pierce; US Attorney: Adam M. Dreher; Pretrial Officer: Jade Friedman. (dot) (Entered: 05/01/2023) |
| 06/07/2023 | 29 | MOTION for Protective Order by USA as to ISAAC ANTHONY THOMAS. (Attachments: # 1 Text of Proposed Order)(Dreher, Adam) (Entered: 06/07/2023) |

| 06/09/2023 | 30 | PROTECTIVE ORDER. Signed by Judge Colleen Kollar–Kotelly on June 9, 2023. (lcckk1) (Entered: 06/09/2023) |
|---|---|---|
| 06/09/2023 | 31 | Unopposed MOTION for Disclosure *of 6(e) and sealed materials* by USA as to ISAAC ANTHONY THOMAS. (Dreher, Adam) (Entered: 06/09/2023) |
| 06/12/2023 | | MINUTE ORDER granting the Governent's 31 Unopposed Motion for An Order to Disclose Items Protected by Federal Rule of Criminal Procedure 6(e) and Sealed Materials as to ISAAC THOMAS (1). Provision of sealed materials is pursuant to the previously entered protective order govering discovery. Signed by Judge Colleen Kollar–Kotelly on 6/12/23. (DM) (Entered: 06/12/2023) |
| 06/16/2023 | | MINUTE ORDER as to ISAAC THOMAS (1). During the status hearing on May 1, 2023, the Court ordered various conditions to be completed by the next scheduled status hearing on July 3, 2023. Those conditions are as follows: Defendant shall sign a release of information to allow Defense counsel and Pretrial Services Agency to receive paperwork, records, etc. from his medical provider regarding his marijuana prescription (including the reason for the prescription and amount of marijuana prescribed); and Defendant shall undergo a mental health assessment and sign all required releases of information for PSA to obtain and report treatment compliance to the Court. The Court requests that Pretrial Services Agency provide a status report to the Court by June 29, 2023 with an update about Defendant's mental health evaluation and information from the medical provider. Signed by Judge Colleen Kollar–Kotelly on 6/16/23. (lcckk3) (Entered: 06/16/2023) |
| 06/16/2023 | | Set/Reset Deadlines as to ISAAC ANTHONY THOMAS: Pretrial Services Agency Status Report due by 6/29/23. (dot) (Entered: 06/20/2023) |
| 06/24/2023 | 33 | MOTION to Revoke *Release Order*, MOTION for Hearing *on Revocation* by USA as to ISAAC ANTHONY THOMAS. (Attachments: # 1 Exhibit, # 2 Exhibit)(Dreher, Adam) (Entered: 06/24/2023) |
| 06/28/2023 | | MINUTE ORDER as to ISAAC ANTHONY THOMAS: In light of the 6/23/23 Pretrial Violation Report and the Government's pending Motion to Revoke Release, the status conference scheduled for 10:00 a.m. on July 3, 2023, via Zoom, is being converted to an in–person hearing to address Defendant's non–compliance with the Court's prior order directing that "Defendant shall sign a release of information to allow Defense counsel and Pretrial Services Agency to receive paperwork, records, etc. from his medical provider regarding his marijuana prescription..., and Defendant shall undergo a mental health assessment and sign all required releases of information for PSA to obtain and report treatment compliance to the Court." See 6/16/23 Minute Order. In the event that Defendant signs the required releases by 2 p.m. on Friday, June 30, 2023, the status conference will remain a status conference via Zoom. Signed by Judge Colleen Kollar–Kotelly on 6/28/23. (DM) (Entered: 06/28/2023) |
| 06/28/2023 | 35 | MOTION to Clarify *COURTS ORDER* by ISAAC ANTHONY THOMAS. (Pierce, John) (Entered: 06/28/2023) |
| 06/28/2023 | 36 | Memorandum in Opposition by ISAAC ANTHONY THOMAS re 33 Motion to Revoke, Motion for Hearing. (See Docket Entry 35 to View Document). (zhsj) (Entered: 06/29/2023) |
| 06/29/2023 | | MINUTE ORDER as to ISAAC ANTHONY THOMAS: The Status Conference set for 7/3/2023 at 10:00 AM before Judge Colleen Kollar–Kotelly will be IN–PERSON (for defendant and all counsel) in Courtroom 28A, and via Zoom (for Pretrial |

| | | |
|---|---|---|
| | | Services). Pretrial Services will address the violation report. Counsel should be prepared to discuss the Government's Motion for Revocation of Release and the Defendant's response thereto and Motion for Clarification. Signed by Judge Colleen Kollar–Kotelly on 6/29/23. (DM) (Entered: 06/29/2023) |
| 07/03/2023 | | Minute Entry for proceedings held before Judge Colleen Kollar–Kotelly: Status Conference as to ISAAC ANTHONY THOMAS held on 7/3/2023. Excludable started as to ISAAC ANTHONY THOMAS. Speedy Trial (XT) is tolled in the Interest of Justice from 7/3/2023 to 8/18/2023. Status Report due by 8/11/2023. Status Conference set for 8/18/2023 at 3:30 PM via Telephonic/VTC before Judge Colleen Kollar–Kotelly. Bond Status of Defendant: Personal Recognizance; Court Reporter: Bryan Wayne; Defense Attorney: John M. Pierce; US Attorney: Adam M. Dreher; Pretrial Officer: Andrea Jarois (Michigan) and Shania Fennell (District of Columbia). (dot) (Entered: 07/03/2023) |
| 07/06/2023 | | MINUTE ORDER as to ISAAC THOMAS (1). The Court held a status hearing in this matter on July 3, 2023. All parties were present in–person, including Pretrial Services for the District of Columbia, except for Pretrial Services for the Eastern District of Michigan, who appeared via Zoom. Defendant Thomas represented that he has since signed medical release forms authorizing Pretrial Services to obtain medical records regarding Defendant's purported prescription for medical marijuana. The Court discussed Defendants use of marijuana and lack of clarity regarding whether his prescription is legitimate. Defendant also represented that he has recently attempted to commence mental health services, although Pretrial Services has no record confirming Defendant's purported attempt. The Court discussed his delay in signing release forms and agreeing to begin mental health services. Defendant also now agrees to home visits as part of his conditions of release. |
| | | Additionally, the parties discussed the status of discovery and the direction of the case. In light of Defendant's recent efforts to come into compliance with his conditions of release, the Court set another status hearing for AUGUST 18, 2023 at 3:30 PM ET, via Zoom, and CONTINUED consideration of the 33 Motion to Revoke Pretrial Release to that date. Pretrial Services is directed to file a pretrial compliance report on or before AUGUST 11, 2023. |
| | | The Court discussed with Defendant his Speedy Trial Act rights. Defendant consented to the exclusion of time from July 3, 2023, the date of the continued status hearing, until August 18, 2023, the date of the next status hearing. The Court finds that a continuance of Defendant's Speedy Trial rights serves the "ends of justice" and outweighs the best interests of both the community and Defendant because the continuance will allow Defendant to make decisions about the future of this case, including how to proceed regarding the pending motions. 18 U.S.C. § 3161(h)(7)(A). Taking into account this continuance, the Court has calculated that Defendant's new 70–day deadline is October 27, 2023. Signed by Judge Colleen Kollar–Kotelly on 7/6/23. (lcckk3) (Entered: 07/06/2023) |
| 08/05/2023 | 39 | MOTION to Modify Conditions of Release to move to the Northern District of Texas by ISAAC ANTHONY THOMAS. (Attachments: # 1 Exhibit Text message correspondence with Pretrial Services, # 2 Exhibit Docket list for eviction proceeding, # 3 Exhibit Appointment confirmation for evaluation in Texas, # 4 Exhibit Text message including medical release, # 5 Exhibit Text message correspondence with Pretrial Services, # 6 Exhibit Medical release authorization for new clinic in Texas, # 7 Exhibit Medical release authorization for 2nd new clinic in Texas, # 8 Exhibit Order of |

| | | |
|---|---|---|
| | | Eviction)(Pierce, John) Modified on 8/9/2023 (zhsj). (Entered: 08/05/2023) |
| 08/11/2023 | | MINUTE ORDER as to ISAAC ANTHONY THOMAS. The Court is in receipt of Defendant ISAAC ANTHONY THOMAS' 39 Motion to Modify Conditions of Release. The Court ORDERS the Government to file a response by no later than AUGUST 16, 2023 at 12:00 pm EST. Per the Court's Minute Order on July 6, 2023, Pretrial Services Agency is due to file a pretrial compliance report by AUGUST 11, 2023; the Court CONTINUES that deadline until AUGUST 16, 2023 so as to allow Pretrial Services Agency to consider the 39 Motion and respond in their report as well. Signed by Judge Colleen Kollar–Kotelly on 8/11/23. (lcckk3) (Entered: 08/11/2023) |
| 08/15/2023 | 41 | RESPONSE TO ORDER OF THE COURT by USA as to ISAAC ANTHONY THOMAS re Order,, , RESPONSE by USA as to ISAAC ANTHONY THOMAS re 39 MOTION to Modify Conditions of Release *to move to the Northern District of Texas* (Attachments: # 1 Exhibit City of Burton Complaint)(Dreher, Adam) (Entered: 08/15/2023) |
| 08/17/2023 | 42 | ORDER denying 39 Motion to Modify Conditions of Release as to ISAAC ANTHONY THOMAS (1). Signed by Judge Colleen Kollar–Kotelly on 8/17/23. (lcckk3) (Entered: 08/17/2023) |
| 08/17/2023 | 43 | MEMORANDUM OPINION accompanying 42 Order. Signed by Judge Colleen Kollar–Kotelly on 8/17/23. (lcckk3) (Entered: 08/17/2023) |
| 08/17/2023 | | MINUTE ORDER as to ISAAC ANTHONY THOMAS (1). Upon review of the 40 Pretrial Violation Report, and in light of the pending 33 Motion for Revocation of Release, the status hearing set for August 18, 2023 at 3:30 pm EST is CONVERTED to an initial revocation hearing. This hearing will be in person for Defendant and all counsel in Courtroom 28–A; Pretrial Services for the District of Columbia and Pretrial Services for the Eastern District of Michigan shall be in attendance via Zoom videoconference to discuss the 40 Pretrial Violation Report and recommendation for removal from the program. Counsel should be prepared to discuss the Government's 33 Motion for Revocation of Release. Signed by Judge Colleen Kollar–Kotelly on 8/17/23. (lcckk3) (Entered: 08/17/2023) |
| 08/17/2023 | | Set/Reset Hearings as to ISAAC ANTHONY THOMAS: Revocation Hearing set for 8/18/2023 at 3:30 PM in Courtroom 28A– In Person before Judge Colleen Kollar–Kotelly. (dot) (Entered: 08/17/2023) |
| 08/18/2023 | 44 | SUPPLEMENT by ISAAC ANTHONY THOMAS as to ISAAC ANTHONY THOMAS, CHRISTINA ANN LEGROS re Order,,, *Factual Affidavit of Treniss Evans of Disputed Underlying Facts* (Attachments: # 1 Exhibit Affidavit of Treniss Evans, # 2 Exhibit Eviction Order of July 6, 2023, # 3 Exhibit Clinic record of mental health evaluation, # 4 Exhibit Court records from Michigan on July 5 eviction motion, # 5 Exhibit Appointment records for mental health evaluation, # 6 Exhibit July 31 text message to Pretrial Services confirming new medical releases (redacted D's contact information in public record), # 7 Exhibit July 31 medical release to Pretrial Services (D's contact info redacted), # 8 Exhibit July 31 medical release to Pretrial Services, # 9 Exhibit Pretrial Services confirmation of receiving medical release forms, # 10 Exhibit Mid–July notice and approval with Pretrial Services for D's move to Texas, # 11 Exhibit Conditions of Release of D on bail)(Pierce, John) (Entered: 08/18/2023) |
| 08/18/2023 | | MINUTE ORDER as to ISAAC ANTHONY THOMAS (1). The Court held an initial revocation hearing in this matter on August 18, 2023 in Courtroom 28–A to consider the pending 33 Motion for Revocation of Release. Defendant, counsel for both parties, |

a court reporter, and the Pretrial Services Officer for the District of Columbia were present in person. The Pretrial Services Officer for Eastern District of Michigan was present via Zoom videoconference.

The Court discussed Defendant Thomas's various violations of conditions of release, including his move to Texas without Court approval, as was addressed in more detail in the Court's 43 Memorandum Opinion. Defense counsel argued that Defendant Thomas is not attempting to willfully defy his conditions of release. The Court stated that Defendant Thomas should have been in better communication with Pretrial Services Agency ("PSA") for the Eastern District of Michigan, specifically as it relates to his eviction and need for housing. PSA for the Eastern District of Michigan confirmed that they can assist in securing free housing placements, and that had Defendant Thomas informed them of his imminent homelessness, they could have provided assistance.

Just prior to the revocation hearing, Defense filed a 44 Supplement with an affidavit outlining Defendant Thomas's various efforts to comply with his conditions of release and regarding his visit to Texas. The Government indicated that the affiant in the 44 Supplement pled guilty in a case related to the January 6 insurrection. *See US v. Evans*, Case No. 21–cr–225. The Court indicated that it will not allow Defendant Thomas to live with someone connected to the January 6 insurrection. Defendant explained that the residence he would be living in in Texas is not from someone connected to January 6 insurrection.

PSA for the District of Columbia explained that Defendant needs to return to and remain in Michigan. Defendant Thomas indicated that he would prefer to remain in Michigan either at his aunt Deborah Barker's house or at other housing rather than move to Texas. PSA for the Eastern District of Michigan indicated that they will investigate residential options to house Defendant Thomas so that he does not have to move to Texas. Defense counsel offered that Defendant Thomas could stay in an apartment with Defense counsel's law firm tonight. The Defense provided, off the record, an address for Defense counsel's apartment, as well as the address, name, and contact information for Defendant's aunt. Accordingly, the Court will allow Defendant Thomas to remain in the custody of Defense counsel until such time that PSA for Michigan and the District of Columbia can confirm housing for Defendant in Michigan, either with his aunt Barker, or in alternative housing; the Court shall issue a separate order on this topic. PSA for the Eastern District of Michigan shall also assist Defendant Thomas in setting up the required mental health assessment.

The Court ORDERS Defendant Thomas to appear for a continued revocation hearing on AUGUST 28, 2023 at 1:30 pm in Courtroom 28A. At that time, the Court shall continue to discuss the 33 Motion, including addressing Defendant Thomas's other violations (e.g., those related to marijuana use, failure to contact PSA about law enforcement contacts, etc.). Signed by Judge Colleen Kollar–Kotelly on 8/18/23. (lcckk3) (Entered: 08/18/2023)

| | | |
|---|---|---|
| 08/18/2023 | 45 | ORDER amending 9 Order Setting Conditions of Release as to ISAAC ANTHONY THOMAS. Signed by Judge Colleen Kollar–Kotelly on 8/18/23. (lcckk3) (Entered: 08/18/2023) |
| 08/18/2023 | | Minute Entry for proceedings held before Judge Colleen Kollar–Kotelly:Revocation Hearing as to ISAAC ANTHONY THOMAS (01) held on 8/18/2023. The Court And |

|  |  | The Parties Discussed <u>33</u> Motion to Revoke Release Order, and Motion for Hearing on Revocation. Bond Revocation Hearing Will Resume on 8/28/2023 at 01:30 PM in Courtroom 28A– In Person before Judge Colleen Kollar–Kotelly. Bond Status of Defendant: PERSONAL RECOGNIZANCE; Court Reporter: LISA MOREIRA; Defense Attorney: JOHN PIERCE; US Attorney: ADAM DREHER; Pretrial Officer: JADE FRIEDMAN/ ADREA JEROIS; (mac) (Entered: 08/21/2023) |
|---|---|---|
| 08/22/2023 |  | MINUTE ORDER as to ISAAC ANTHONY THOMAS (1). The affidavit included in the <u>44</u> Supplement was written by Treniss Evans, who claims to be a "legal advocate for Isaac Thomas." As stated in the Court's Minute Order from August 18, Evans was convicted related to the January 6 insurrection. Upon further research, the Court has discovered that Evans is a former client of Thomas's defense attorney, lives in Texas, and is himself not an attorney. The Court ORDERS that Evans shall cease and desist being Thomas's legal advocate; Defendant should not communicate with Evans about this case or the charges against him, nor Evans with Defendant. This Minute Order is to be provided to Defendant Thomas by Defense counsel. Signed by Judge Colleen Kollar–Kotelly on 8/22/23. (lcckk3) (Entered: 08/22/2023) |
| 08/26/2023 | <u>48</u> | NOTICE *re: Lease* by USA as to ISAAC ANTHONY THOMAS (Dreher, Adam) (Entered: 08/26/2023) |
| 08/28/2023 |  | MINUTE ORDER as to ISAAC THOMAS (1). The Court held a hearing in this matter on August 28, 2023. All parties were present in person, including Pretrial Services for the District of Columbia, except for Pretrial Services for the Eastern District of Michigan, who appeared via Zoom videoconference. The Court initially conducted a status hearing. The Government indicated that all case–specific discovery has been provided, other than cell phone records and information as well as a recent interview given by Defendant regarding his participation in January 6. Defendant indicated that he is interested in moving toward trial. The Court shall, in a separate order, issue a trial template; the Court ORDERS the parties to submit a proposed pretrial schedule by no later than OCTOBER 2, 2023. The Court ORDERS Defendant to appear for a status hearing on OCTOBER 6, 2023 at 9:00 am EST in Courtroom 28A.<br><br>The Court then held its continued revocation hearing and addressed each of Defendant's violations in turn. The Court provided a brief history of each of Defendant's violations regarding his housing, marijuana use, and mental health evaluations before asking the parties for updates. The Court indicated that Defendant has a pattern of noncompliance with his conditions of release. PSA for the Eastern District of Michigan also noted inappropriate and harassing communications from Defendant as well as excessive communications from Defense counsel to her. Both PSA for the Eastern District of Michigan and PSA for the District of Columbia recommended that bond be revoked at this time; the Government supported this recommendation. Pursuant to 18 U.S.C. §§ 3148(b)(1)(B) and (b)(2), the Court made an oral finding by clear and convincing evidence that Defendant Thomas has violated conditions of his release and that he is unlikely to abide by any condition or combination of conditions of release. The Court therefore ordered orally that Defendant Thomas's release be revoked and that Defendant shall be remanded to the custody of the United States Marshal Service. The Court shall, in a separate order, issue a written order revoking Defendant Thomas's release.<br><br>The Court discussed with Defendant his Speedy Trial Act rights. Defendant did not consent to the exclusion of time from August 18, 2023, the date of the last hearing, until October 6, 2023. Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court may exclude |

| | | |
|---|---|---|
| | | time "on [its] own motion or at the request of the attorney for the Government, if the judge granted such continuance on the basis of [its] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The Court now, on its own motion, considers the factors enumerated in 18 U.S.C. § 3161(h)(7)(B) as well as the parties' need for time to prepare pretrial motions, as they are now in a pretrial posture, *see Bloate v. United States*, 130 S.Ct. 1345, 1357–58 (2010), and shall continue Defendant Thomas's rights from August 18, 2023 to October 6, 2023. Taking into account this continuance, the Court has calculated that Defendant's new 70–day deadline is December 15, 2023. Defendant's original 90–day deadline, calculated from the date of detention, was November 26, 2023; his new 90–day deadline is January 4, 2024. Signed by Judge Colleen Kollar–Kotelly on 8/28/23. (lcckk3) (Entered: 08/28/2023) |
| 08/28/2023 | | Minute Entry for proceedings held before Judge Colleen Kollar–Kotelly:Status Conference as to ISAAC ANTHONY THOMAS (1) held on 8/28/2023. Revocation Hearing held as to Defendant Condition of Release; heard and Defendant's Condition of Release was Revoked. Excludable started as to ISAAC ANTHONY THOMAS (1). Speedy Trial (XT) is tolled in the Interest of Justice. Status Conference set for 10/6/23 at 9:00 AM in Courtroom 28A– In Person before Judge Colleen Kollar–Kotelly. Bond Status of Defendant: Committed; Court Reporter: Elizabeth Saint–Loth; Defense Attorney: John M. Pierce; US Attorney: Adam M. Dreher; Pretrial Officer: Jade Friedman (DC) and Andrea Jarois (Michigan). (dot) (Entered: 08/28/2023) |
| 08/28/2023 | 49 | Template for Proposed Pretrial Scheduling Order. Signed by Judge Colleen Kollar–Kotelly on 8/28/23. (lcckk3) (Entered: 08/28/2023) |
| 08/28/2023 | 50 | MEMORANDUM OPINION & ORDER granting the Government's 33 Motion and ordering Defendant Thomas's release to be revoked. See Order for more details. Signed by Judge Colleen Kollar–Kotelly on 8/28/23. (lcckk3) (Entered: 08/28/2023) |
| 09/08/2023 | 51 | ENTERED IN ERROR.....NOTICE *NOTICE OF APPEAL OF DETENTION ORDER* by ISAAC ANTHONY THOMAS re 50 Order (Pierce, John) Modified on 9/15/2023 (zhsj). (Entered: 09/08/2023) |
| 09/08/2023 | | NOTICE OF ERROR as to ISAAC ANTHONY THOMAS regarding 51 Notice (Other). The following error(s) need correction: Incorrect event. Clerk's Office will refile as a courtesy due to time sensitivity. In the future, please select the correct event. (zhsj) (Entered: 09/15/2023) |
| 09/08/2023 | 54 | NOTICE OF APPEAL (Interlocutory) by ISAAC ANTHONY THOMAS re 50 Order. Filing fee $ 505. Fee Status: No Fee Paid. Parties have been notified. (zhsj) (Entered: 09/15/2023) |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Criminal No.: 1:23-cr-00069-CKK |
| **Complainant** | |
| | **NOTICE OF APPEAL OF DETENTION ORDER** |
| **-v-** | |
| **ISAAC ANTHONY THOMAS,** | |
| **Defendant.** | |

Counsel for Defendant Isaac Thomas, John M. Pierce, hereby give notice of appeal of the detention order in this case, pursuant to 18 U.S. Code § 3145(c) (Review and appeal of a release or detention order), of section 1291 of title 28 U.S.C. § 1291 and 18 U.S.C. section 3731. Pierce is also moving to withdraw from this case but files this notice to protect Mr. Thomas' rights.

Dated: September 8, 2023                    Respectfully Submitted,


                                            /s/ John M. Pierce
                                            John M. Pierce
                                            21550 Oxnard Street
                                            3rd Floor, PMB #172
                                            Woodland Hills, CA 91367
                                            Email: jpierce@johnpiercelaw.com
                                            *Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that I uploaded this document to the Court's electronic filing system, which

thereby serves all parties, including:

MATTHEW M. GRAVES, Esq.
United States Attorney

ADAM M. DREHER, Esq.
Assistant United States Attorney
601 D. St. N.W.
Washington, D.C. 20530
(202) 252-1706
adam.dreher@usdoj.gov

Stephen F. Brennwald, Esq.
BRENNWALD & ROBERTSON, LLP
922 Pennsylvania Avenue, SE
Washington, DC 20003
(301) 928-7727
(202) 544-7626 (fax)
sfbrennwald@cs.com
Attorney for

/s/ John M. Pierce
John M. Pierce

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| |
|---|
| UNITED STATES OF AMERICA, |
| v. |
| ISAAC ANTHONY THOMAS, |
| Defendant. |

Criminal Action No. 23-0069-1 (CKK)

## MEMORANDUM OPINION & ORDER
(August 28, 2023)

Pending before the Court is the Government's [33] Motion to Revoke Release as to Defendant Isaac Thomas. At the hearing held on August 28, 2023, the Court made an oral ruling that, pursuant to 18 U.S.C. §§ 3148(b)(1)(B) and (b)(2), it finds by clear and convincing evidence that Defendant Thomas has violated conditions of his release and that he is unlikely to abide by any condition or combination of conditions of release. The Court therefore **GRANTS** the [33] Motion. The Court **ORDERS** that Defendant Thomas's release is **REVOKED** and that Defendant shall be **REMANDED** to the custody of the United States Marshal Service.

## I. BACKGROUND

Defendant Isaac Thomas was charged by [11] Indictment with Civil Disorder, in violation of 18 U.S.C. § 231(a)(3); Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c)(2) and 2; Assaulting, Resisting, or Impeding Certain officers Using a Dangerous Weapon, in violation of 18 U.S.C. §§ 111(a)(1) and (b); Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. §§ 1752(a)(1) and (b)(1)(A);

1

Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. §§ 1752(a)(2) and (b)(1)(A); Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18. U.S.C. §§ 1752(a)(4) and (b)(1)(A); Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); Act of Physical Violence in the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(F); and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).

Defendant Thomas has been subject to the [9] Order Setting Conditions of Release. *See* Order, ECF No. 9. He has been in violation of various conditions since April 2023. *See* Pretrial Violation Report, ECF No. 23 (filed April 19, 2023). On June 24, 2023, the Government filed a [33] Motion to Revoke Release Order. At a subsequent status hearing on July 3, 2023, Defendant represented to the Court that he was working to come into compliance with his conditions of release, so the Court continued its consideration of the [33] Motion until the following hearing. On August 18, 2023, the Court held an initial revocation hearing in this matter.

The Court held a continued revocation hearing on August 28, 2023, during which time the Court provided a brief history of each of Defendant's violations. After discussion involving both parties, the Pretrial Services Agency ("PSA") for the Eastern District of Michigan and for the District of Columbia recommended that Defendant's bond be revoked at this time. The Government continues to support this recommendation. The Court made an oral ruling that, pursuant to 18 U.S.C. §§

2

3148(b)(1)(B) and (b)(2), it finds by clear and convincing evidence that Defendant Thomas has violated conditions of his release that he is unlikely to abide by any condition or combination of conditions of release.

The Court now discusses Defendant Thomas's various violations of his conditions of release—in particular, regarding housing, marijuana use, and a mental health evaluation—and issues a formal written order revoking Defendant Thomas's release.

## II. DISCUSSION

### A. Housing

Defendant Thomas is required to maintain a residence that PSA can monitor after having initially assessed its appropriateness.  In March 2023, PSA conducted an initial home assessment for Defendant's residence in Michigan.  Report, ECF No. 32, at 3. Defendant's PSA supervising officer attempted to conduct a home conduct on May 19, 2023, but Defendant indicated he was not comfortable with the officer coming to his home without his attorney present.  *Id.*  The supervising officer explained that Defendant was welcome to call his attorney or record the officer during the visit, but that unannounced home visits are a standard condition of pretrial release.  *Id.*  Despite this, Defendant continued to refuse.  *Id.*  A home assessment was not completed until July 27, 2023.  Report, ECF No. 40, at 3.

As outlined in further detail in the Court's [43] Memorandum Opinion, Defendant then moved to Texas without prior Court or PSA approval and, as a result, supervision by either Michigan or Texas was not possible.  Defendant was evicted from his Michigan home in July.  Mem. Op., ECF No. 43, at 1.  He made plans to travel to Texas, which he

3

cleared with PSA; he was permitted to travel to Texas to inspect the residence offered to him, but was expressly told that he must obtain a Court order for a permanent move. *Id.* at 2. While in Texas, Defendant notified his supervising officer that he would not be making it back to Michigan by the initial deadline; he then filed a [39] Motion indicating that "the move is not a temporary visit but contemplated to be a permanent relocation." *Id.* at 2 (citing ECF No. 39 at 2). On August 17, 2023, the Court issued a [42] Order denying Defendant's [39] Motion to Modify Conditions of Release allowing him to move to Texas.

The Court held a revocation hearing on August 18, 2023, at which time Defendant Thomas indicated that he would prefer to remain in Michigan and proposed living with his aunt. *See* Minute Order, Aug. 18, 2023. At the suggestion of Defense counsel, the Court permitted Defendant Thomas to live temporarily with counsel in Washington, D.C. until such time that PSA could confirm housing for the Defendant in Michigan, either with his aunt or in alternative housing. *See id.*; *see also* [45] Order Amending [9] Order Setting Conditions of Release.

On August 21, 2023, the PSA supervising officer reported that she was unable to conduct a home assessment at Defendant's aunt's reported address because the phone number Defendant provided was disconnected. Report, ECF No. 47, at 4. When informed of this, Defendant indicated that he no longer wanted to live with his aunt and represented that he found his own housing leasing a property from a landlord named Jim Mcauley. *Id.* Defendant refused to tell PSA how he had found the residence. *Id.* PSA instructed Defendant to provide the rental agreement and contact information for the

4

homeowner; Defendant emailed an unsigned lease with Mr. Mcauley's name but no contact information.  *Id.*  At the continued revocation hearing on August 28, 2023, PSA for the Eastern District of Michigan confirmed that they had not yet received any additional information from Defendant.  Defense counsel stated that they now had a copy of the lease signed by the landlord.

The Government's [48] Notice outlines some concerns about Mr. Mcauley, specifically that properties owned by Mr. Mcauely have thousands of dollars in tax arrearage as well as over $500 of unpaid utilities costs.  Notice, ECF No. 48, at 1–2.  The Government also called into question the veracity of the lease itself.  *Id.* at 2–4.  At the August 28, 2023 hearing, the Government expressed that their findings in the [48] Notice made them question whether Defendant's suggested residence would be a stable home.

To date, PSA has not been able to approve any living arrangement in Michigan or otherwise for Defendant Thomas.

### B. Marijuana Use

Defendant Thomas has failed to comply with Court orders regarding his use of marijuana since May 2023.  On April 19, 2023, Pretrial Services Agency ("PSA") for the District of Columbia filed its first [23] Pretrial Violation Report, in which PSA explained that Defendant had tested positive for marijuana three times.  Report, ECF No. 23, at 3. PSA had reminded Defendant Thomas that his [9] Order Setting Conditions of Release prohibits him from using marijuana and, importantly, it remains a federal offense to use marijuana except for medical purposes.  *Id.*  Defendant argued that he used marijuana for

5

medical purposes—specifically, to treat his anxiety—and that he would contact his attorney to seek approval from the Court.  *Id.*

At the next status hearing on May 1, 2023, the Court discussed the [23] Report and ordered Defendant to sign a release of information to allow Defense counsel and Pretrial Services Agency to receive paperwork, records, et cetera from his medical provider regarding his marijuana prescription, to include the reason for the prescription and amount of marijuana prescribed.  *See* Minute Order, May 1, 2023; Minute Order, June 16, 2023.

Defendant failed to comply with this order.  PSA's [32] Pretrial Violation Report, filed June 23, 2023, indicated that that Defendant had tested positive for marijuana an additional time and, although ordered by the Court, had not provided documentation confirming he was prescribed marijuana by a licensed medical practitioner.  Report, ECF No. 32, at 2–3.  PSA stated that "[a]fter several attempts to work with the defendant, he continues to fail to comply with the stated conditions," and therefore, "PSA is requesting program removal."  Report, ECF No. 32, at 2.  This, among Defendant's other violations, prompted the Government to file the pending [33] Motion for Revocation of Release.

PSA then filed the [37] Pretrial Violation Report on June 30, 2023, stating that Defendant Thomas provided PSA a photocopy of what appeared to be a marijuana card on June 29, 2023.  Report, ECF No. 37, at 3.  The same day, PSA had received a signed release of information for Greenlight Wellness Cannabis Doctors, which they were unable to verify as a licensed medical practitioner.  *Id.*

6

At the following status hearing on July 3, 2023, Defendant Thomas represented that he had since signed medical release forms authorizing PSA to obtain medical records regarding Defendant's purported prescription for medical marijuana. *See* Minute Order, July 6, 2023. The Court discussed Defendants use of marijuana and lack of clarity regarding whether his prescription is legitimate. *Id.* The Court therefore continued its consideration of the [33] Motion to Revoke Pretrial Release given Defendant's alleged recent efforts to comply with Court orders. *Id.* The Court ordered Defendant to obtain medical records from Greenlight Wellness Cannabis Doctors confirming the purpose of his marijuana prescription and dosage, and instructed PSA to confirm that the facility was a licensed medical practice. Report, ECF No. 40, at 2.

In PSA's [40] Pretrial Violation Report, filed August 15, 2023, they explain that they reached out to Greenlight Wellness, who told them that the company does not give specific dosing. Report, ECF No. 40, at 3. The PSA supervising officer contacted the Michigan Department of Licensing and Regulatory Affairs, who responded that they did not find Greenlight Wellness listed under Medical Facility Licensing or Adult-Use Establishment Licensing; therefore, based on the Department's answer, PSA "was not able to confirm licensing for the medical marijuana facility." *Id.*

Once in Texas, Defendant Thomas provided a signed release for Green Mind Physicians to PSA on July 31, 2023. *Id.* PSA stated in their [40] Report that "[a]n online search revealed this as an online business that helps individuals identify medical marijuana doctors" and, additionally, there was no identified office in Texas. *Id.* Defendant Thomas also sent PSA a screenshot of a telehealth appointment for an Initial

7

Medical Marijuana Evaluation with a Dr. Joel Durinka.  *Id.*  PSA conducted an online search and found a Dr. Joel Durinka who was a general surgeon located in Buffalo, New York.  *Id.*  Defendant also indicated that he was approved for medical marijuana use and registered with the Compassionate Use Program in Texas but did not provide verification of this approval.  *Id.*  Lastly, PSA was also unable to verify the Defendant's newly issued medical marijuana card or the facility that issued it.  *Id.*

At the August 28, 2023 hearing, PSA for the Eastern District of Michigan confirmed that they had not received any updated information.  Accordingly, to date, Defendant has not provided information for a verifiable licensed medical facility nor doctor to support his marijuana usage, nor verifiable information as to what dosage would be medically appropriate.  Defendant cannot on his own determine usage and dosage of marijuana.  Furthermore, he has continued to test positive for marijuana; his last positive test was July 27, 2023.

### C. Mental Health Evaluation

At the May 1, 2023 status hearing, the Court referred Defendant Thomas for an outpatient mental health evaluation upon review of PSA's [23] Report.  The Court ordered Defendant to undergo a mental health assessment and sign all required releases of information for PSA to obtain and report treatment compliance to the Court.  *See* Minute Order, May 1, 2023; Minute Order, June 16, 2023.

PSA's [32] Report, filed June 23, 2023, indicated that Defendant Thomas claimed to have completed an assessment with Insight Behavioral Health in Flint, Michigan on June 9, 2023; however, this could not be verified as Defendant refused to sign a release of

8

information for PSA to contact the facility.  Report, ECF No. 32, at 3; *see also* Report, ECF No. 37, at 3.  PSA stated that "[a]fter several attempts to work with the defendant, he continues to fail to comply with the stated conditions," and therefore, "PSA is requesting program removal."  Report, ECF No. 32, at 2.

In PSA's [37] Pretrial Violation Report, filed June 30, 2023, they stated that they received a signed release of information from Genesee Health Systems dated June 29, 2023.  Report, ECF No. 37, at 3.  The PSA supervising officer called Genesee Health Systems and confirmed that Defendant Thomas had completed a mental health screening on that date, but that an intake assessment was not yet scheduled.  *Id.*  Defendant reported to PSA that he would complete an assessment at Genesee Health Systems but would continue to receive treatment with Insight Behavioral Health, and continued to state he would not provide a release for their facility.  *Id.*  An intake assessment with Genesee Health Systems was eventually scheduled for July 24, 2023, but Defendant did not complete this assessment as instructed.  Report, ECF No. 40, at 2.

Once in Texas, Defendant notified his supervising officer that he had scheduled an evaluation at Texas Seay Behavioral Health Center ("Seay") for July 31, 2023 and signed a release for that facility.  *Id.* at 3.  He reported to PSA that he completed the assessment and no recommendations nor treatment had been made.  *Id.*  However, when the PSA supervising officer spoke to the social worker at Seay who had completed the assessment, PSA learned that although Defendant reported for an in-person appointment that date, a full biopsychosocial assessment was not completed and therefore no diagnosis given.  *Id.*  Additionally, Seay had provided Defendant with a referral for outpatient treatment;

9

Defendant indicated he did not want their recommendation for treatment and denied Seay's referral.  *Id.*

At the initial revocation hearing on August 18, 2023, the Court ordered Defendant Thomas to cooperate with PSA for the Eastern District of Michigan to get the appropriate assessment.  On August 21, 2023, the PSA supervising officer informed Defendant that he could do an assessment at Sacred Heart Rehabilitation and told Defendant he must sign a release of information for her to schedule the assessment; Defendant refused to provide the required release.  Report, ECF No. 47, at 3.  At the August 28, 2023 hearing, PSA confirmed that Defendant had still not signed the release.

Accordingly, Defendant Thomas remains in violation of Court order to cooperate with the necessary mental health assessments and required releases.

### D. Other Violations

Defendant Thomas has also violated other conditions of release.  For example, on April 28, 2023, PSA filed a [24] Pretrial Violation Report indicating that Defendant was involved in a traffic stop in Flint, Michigan and charged with No Proof of Insurance and Violation of Safety Belt.  Report, ECF No. 24, at 3.  He did not report this to his supervising officer, *id.*, as is required by his conditions of release, *see* ECF No. 9 at 3.

Defendant Thomas also now has a misdemeanor case against him in Michigan. On August 8, 2023, the day before Defendant was to appear for an in-person hearing in that jurisdiction regarding a traffic citation, he called the clerk of the court in Michigan approximately fifty to one hundred times requesting that an in-person hearing be changed to a Zoom hearing.  *See* Mem. Op., ECF No. 43, at 4.  The clerk called the Burton City

10

Police Department, resulting in Defendant being charged with the misdemeanor offense of Threats by Computer, Telephone, or Other Communication Device. *See id.* Defendant did not report this contact with law enforcement either, Report, ECF No. 47, at 5, as is required by his conditions of release, *see* ECF No. 9 at 3.

### III. CONCLUSION & ORDER

At the revocation hearing on August 28, 2023, the Court discussed Defendant Thomas's various violations that make out a serious pattern of noncompliance.  The Court then made an oral ruling revoking Defendant's bond.  Now, based on the record before the Court, and pursuant to 18 U.S.C. §§ 3148(b)(1)(B) and (b)(2), the Court finds by clear and convincing evidence that Defendant Thomas has violated conditions of his release, that he is unlikely to abide by any condition or combination of conditions of release.

In accordance with these findings, it is hereby **ORDERED** that the Government's [33] Motion is **GRANTED**.  It is further **ORDERED** Defendant Thomas's release is **REVOKED** and that Defendant shall be **REMANDED** to the custody of the United States Marshal Service.

**SO ORDERED**.

Dated: August 28, 2023

_____
/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

11

25