UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 23-cr-69-CKK |
| | : | |
| ISAAC THOMAS, | : | |
| | : | |
| Defendant. | : | |

## RESPONSE TO DEFENDANT'S MOTION TO REOPEN AND REINSTATE BOND

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Defendant Thomas's motion to reinstate his bond.

Mr. Thomas's troubles during pretrial release is nothing new to this Court. Mr. Thomas was arrested in the Eastern District of Michigan on January 26, 2023. United States Magistrate Judge Curtis Ivy Jr. entered a release order on that same day and ordered Mr. Thomas to appear virtually for an initial appearance in the District of Columbia. *United States v Thomas*, 23-mj-30035-CI, ECF 06. On February 7, 2023, United States Magistrate Judge Robin M. Meriweather, entered a release order with substantially similar conditions as the order from the Eastern District of Michigan. ECF 09. Mr. Thomas is still litigating whether he can comply with those same conditions. But he has already shown he cannot.

The reopening of detention hearings is limited. The threshold issue of whether a detention hearing should be reopened requires this Court to find, "information exists that was *not known to the movant at the time* of the hearing and that has *a material bearing on the issue* whether there are conditions of release . . . ." 18 U.S.C. § 3142(f) (emphasis added). In the alternative, this Court could, "permit the temporary release of the person . . . to the extent that the judicial officer determines such release to be necessary for the preparation of the person's defense or for another

compelling reason." 18 U.S.C. § 3142(i). But neither is applicable here. Mr. Thomas has not shown, nor can he show, that he would abide by any condition of release.

    **I.    Reopening of a detention order is not required where there is no new information.**

A detention order was not entered until after Mr. Thomas showed incapable of conforming to his conditions of his release. On August 28, 2023, this Court found, under 18 U.S.C. § 3148(b), that Mr. Thomas is unlikely to abide by any condition or combination of conditions of release. ECF 50. This finding occurred following multiple hearings, and this Court's continued attempts to get Mr. Thomas into compliance with even the most basic conditions of release. But section 3142(f) does not outline *which* hearing can be reopened. Procedurally, a revocation of release under 18 U.S.C. § 3148(b)—instead of a detention order under 18 U.S.C. § 3142(f)—means this reopening request would not be a reopening of an initial hearing on release.

This is an important distinction because the focus of an initial hearing on detention is, "whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community . . .." 18 U.S.C. § 3142(f). Here, both Magistrate Judges ordered Mr. Thomas "released on a condition or combination of conditions under subsection (c) . . .." 18 U.S.C. § 3142(a)(2).

But this requested reopening would require this Court to also consider, "and that the person will abide by such conditions . . .." 18 U.S.C. § 3148(b). On this point, Mr. Thomas provides scant evidence. There is no new information that Mr. Thomas will abide by any condition of release.

### A. Mr. Thomas's Housing issue has not changed.

In electronic mail provided to the parties on November 16, 2023, Pretrial outlined that a home investigation was conducted at the home belonging to Mr. Thomas's aunt. Both Mr. Thomas's aunt and uncle "stated they would not tolerate his attitude and he would be asked to leave if he is disrespectful to them." Further, Mr. Thomas previously had lived with the couple, but Mr. Thomas moved out after an argument about following the house rules. Mr. Thomas does not provide a specific condition to this Court that he will abide by.[1]

By contrast, Mr. Thomas asks this Court to return him to his previous status, even though his previous housing status did not work. Mr. Thomas was evicted—without reporting any issues—and moved half-way across the country—without reporting—and was unable to find stable housing on his own. These unreported issues were the basis for Mr. Thomas's post hac request to move to Texas. ECF 39.

Finally, Mr. Thomas's aunt and uncle were known at the time of the initial hearing on revocation. At the August 18, 2023 hearing, Mr. Thomas said his aunt and uncle could be an option, but three days later, "Defendant indicated that he no longer wanted to live with his aunt and represented that he found his own housing . . .." Memorandum Opinion and Order, August 28, 2023, ECF 50 p. 4. Again, Mr. Thomas does not propose any condition and does not present any evidence that he will now abide with any condition of release.

---

[1] One potential example of a condition is found in 18 U.S.C. § 3142(c)(2)(B)(i): "(i) remain in the custody of a designated person, who agrees to assume supervision and to report any violation of a release condition to the court . . .." Mr. Thomas does not purport to suggest that his aunt or uncle are willing to take on such a burden, let alone *could* it be a viable solution. Instead, Mr. Thomas provides that the couple would help Mr. Thomas transition to *other* housing and be supportive family members. *See* ECF 73 at p. 4.

### B. Mr. Thomas's Mental Health Assessment is not material.

Mr. Thomas has been evaluated pursuant to this Court's October 19, 2023, order. ECF 67. The evaluation occurred after Mr. Thomas was incarcerated. As outlined in this Court's findings, it was only *after* Mr. Thomas was incarcerated that he received any sort of assessment. ECF 50 p. 8-10. The new assessment is information that was known at the time of the initial hearing, but the fact Mr. Thomas did not comply with the condition until *after* his incarceration decreases its materiality.

### C. Mr. Thomas's choice to use marijuana was not supported by his statements to Pretrial Services about why he used marijuana and is not material to whether there are conditions of release Mr. Thomas will abide by.

Mr. Thomas now contends he no longer wishes to use marijuana. But Mr. Thomas has tested positive for marijuana each month he was tested while on pretrial release. Following Mr. Thomas's arrest, he tested positive for marijuana on January 31, 2023, and March 2, 2023. Pretrial Services Report dated March 20, 2023, ECF 18. As reported, "The defendant denied current marijuana use and reported that he has not used the substance in over a month." ECF 18, p. 3. After the next positive test, Mr. Thomas "reported that he recently obtained a medical marijuana card." ECF 25, p. 3. Mr. Thomas "has failed to comply with Court orders regarding his use of marijuana since May 2023." Memorandum Opinion and Order, ECF 50 p. 5.

This choice by Mr. Thomas is not something "not known to the movant at the time of the hearing." 18 U.S.C. § 3142(f). But more importantly, the issue is not material to conditions that Mr. Thomas *could* abide by. Mr. Thomas began his pretrial release saying that he had not used marijuana, then that he was prescribed marijuana, to now that he no longer wishes to use marijuana to treat what it was prescribed for. The issue with Mr. Thomas's marijuana use (aside from being against federal law) was the veracity for why he was using marijuana.

4

Again, Mr. Thomas does not provide a specific condition of what he will abide by and fails to provide any evidence that he will abide by that condition. But Mr. Thomas's choice to no longer use marijuana is not material to whether there are conditions he can abide by while on release.

### D.  Mr. Thomas's disrespect for the process and pretrial staff.

Since February 7, 2023, Mr. Thomas has been ordered to "submit to supervision by and report for supervision to the Pretrial Services for the Eastern District of Michigan as directed and verify address." ECF 09, p. 2. Much like his use of marijuana, Mr. Thomas now reasons that he will respect pretrial staff and follow orders that are given to him. These choices now, were available to the movant at the time of hearing.

### II.     Temporary Release is not necessary.

Alternatively, Mr. Thomas requests this Court release him temporarily to participate in his defense under 18 U.S.C. § 3142(i). As this Court reasoned in *United States v Riggins*, 456 F.Supp.3d 138 (D.D.C. 2020) (Hon. Colleen Kollar-Kotelly), "under this statutory provision, [the defendant] must show that (1) he would be released to 'an appropriate person' and (2) that his temporary release is 'necessary . . ..'" 456 F.Supp.3d at 149. Mr. Thomas has done neither.

In *United States v David Lee Thomas*, 456 F.Supp.3d 69 (D.D.C. 2020) Judge Randolph D. Moss reasoned that 'difficult' to prepare a defense is not equivalent to 'necessary.' Much as in *David Lee Thomas*, Mr. Thomas here does not meet his burden to show why a temporary release is *necessary* to prepare his defense. Further, unlike *Riggins*, Mr. Thomas does not provide an appropriate person to whom he could be released to. Mr. Thomas should not be temporarily released. Temporary release is inapplicable.

5

**III.    Conclusion**

Mr. Thomas's assertions that he will now *finally* comply with the conditions of his release do not provide the necessary assurance to this Court that Mr. Thomas will abide by any condition. This Court should deny Mr. Thomas's motion to reopen his detention hearing.

Respectfully Submitted,

>MATTHEW M. GRAVES
>United States Attorney
>D.C. Bar No. 481052
>
>/s/ *Adam M. Dreher*
>ADAM M. DREHER
>Assistant United States Attorney
>Michigan Bar No. P79246
>601 D St. N.W.
>Washington, D.C. 20530
>(202) 252-1706
>adam.dreher@usdoj.gov