**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ISAAC ANTHONY THOMAS,<br><br>Defendant. | Criminal Action No. 23-69-1 (CKK) |

**ORDER**
(December 7, 2023)

Pending before the Court is Defendant Isaac Anthony Thomas's [73] Motion for Bond. Defendant asks the Court to "reopen and reinstate his bond application, and to order the immediate temporary release of Mr. Thomas from pretrial confinement." ECF No. 73 ("Def.'s Mot.") at 1. The Court shall **DENY WITHOUT PREJUDICE** Defendant's [73] Motion for the reasons now set forth.

A court may reconsider prior bond determinations based upon new information bearing on the pretrial release issue. *See* 18 U.S.C. § 3142(f)(2)(B) (permitting court to reopen bond hearing if court finds that "information exists which was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."); *see also id.* § 3148(b) ("If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly."). A court may also "permit the temporary release of the person, in the custody of a United States marshal or another appropriate

person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." *Id.* § 3142(i). The Government argues that neither standard has been satisfied. *See* ECF No. 74 ("Gov.'s Opp'n") at 2. The Court agrees.

As for the first standard—regarding reopening and reinstating Defendant's bond determination—the Court finds that Defendant has not presented any new information that was not known to him at the time of the hearing, nor does the information presented have a material bearing so as to convince the Court that he would abide by any conditions of release.

Defendant Thomas has not provided new information regarding adequate housing. He argues that he can stay with his aunt and uncle, Mr. and Mrs. Baker. Def.'s Mot. at 4. As the Government puts it, "Mr. Thomas's aunt and uncle were known at the time of the initial hearing on revocation." Gov.'s Opp'n at 3. But perhaps most importantly, the suggested housing with Mr. and Mrs. Baker is not adequate. Defendant previously lived with Mr. and Mrs. Baker but moved out after an argument about following house rules. *Id.* In Defendant's motion filed on November 21, 2023, he claims that "despite their concerns regarding Thomas' attitude in the past, Mr. and Mrs. Baker have agreed to help Thomas with housing and be supportive family members." Def.'s Mot. at 4. However, Pretrial Services Agency ("PSA") has reported information to the contrary. PSA for the Eastern District of Michigan completed a home investigation on November 15, 2023 at Mr. and Mrs. Baker's home. *See* ECF No. 77 ("PSA Report") at 2. During this visit, *prior* to the Defendant's motion being filed, Mr. and Mrs. Baker informed PSA that they were only willing to allow Defendant to reside with them for up to thirty days. *Id.* Then, on December 1, 2023, the children of Mr. and Mrs. Baker contacted PSA for the Eastern District of Michigan and expressed concerns with Defendant's placement, asking that

Mr. and Mrs. Baker not be contacted regarding this matter. *Id.* In addition, PSA was informed that Mr. and Mrs. Baker have significant health issues and are scheduled for surgery in the near future, though exact dates were not provided. *Id.* Finally, during the home investigation, PSA found an antique gun lying on a bed, which Mr. and Mrs. Baker initially refused to relocate outside the home, *id.*; Defendant now indicates that they have agreed to remove the gun from their home, Def.'s Mot. at 4. The Court finds that this housing falls far short of the standard; significantly, he does not present any evidence that he will abide with the required condition of release regarding adequate housing, as the latest information from PSA indicates that he does not have a place to live.

The Court will also briefly mention concerns regarding some of Defendant's other conditions of release. As for his marijuana use, Defendant Thomas indicates that "he no longer wishes to attempt to treat with medical marijuana during the pendency of this case." Def.'s Mot. at 5. That Defendant makes this statement now does not convince the Court that he will comply in light of his previous, repeated noncompliance. *See* Mem. Op., ECF No. 50 at 5 ("Defendant Thomas has failed to comply with Court orders regarding his use of marijuana since May 2023."). Furthermore, Defendant's choice to no longer attempt to use marijuana is not "information… [that] was not known to [him]" at the time of his previous detention hearings, 18 U.S.C. § 3142(f)(2)(B), but instead a choice that was available to him previously but he chose to ignore.

Defendant Thomas has completed a mental health evaluation, Def.'s Mot. at 4, which took place *after* he was in custody and the Court ordered District of Columbia Department of Behavioral Health, Pretrial and Assessment Branch to conduct such evaluation, Gov.'s Opp'n at 4; *see also* Order, ECF No. 67 (ordering evaluation after Defendant was in custody). Prior to his

detention, Defendant Thomas repeatedly failed to cooperate with Court orders to receive the necessary mental health assessments and provide required releases.  *See* Mem. Op., ECF No. 50 at 8–10.  The evaluation report, which was provided to the Court and both attorneys, included the professional opinion of the licensed clinical psychologist that Defendant Thomas is competent to stand trial.

As for the second standard—temporary release—Defendant also falls short.  "[U]nder this statutory provision, [the defendant] must show that (1) he would be released to 'an appropriate person' and (2) that his temporary release is 'necessary . . ..'"  *United States v. Riggins*, 456 F.Supp.3d 138, 149 (D.D.C. 2020 (CKK).  Here, Defendant has failed on both elements.  For the first element, the Court incorporates its analysis above regarding Mr. and Mr. Baker, finding that they are not appropriate and adequate persons.  And for the second element, Defendant does not provide any argument as to why release is necessary to prepare his defense or for any other compelling reason.  The extent of his explanation on this point is the conclusory statement that Defendant needs the "ability to meaningfully participate in his defense."  Def.'s Mot. at 5.

Accordingly, the Court shall **DENY WITHOUT PREJUDICE** Defendant's [73] Motion for the reasons explained above.

**SO ORDERED**.

/s/

**COLLEEN KOLLAR-KOTELLY**
United States District Judge