UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 23-cr-69-CKK |
| | : | |
| **ISAAC THOMAS,** | : | |
| | : | |
| **Defendant.** | : | |

## MOTION FOR COURT ACTION RE: DISCOVERY

The United States of America, by the United States Attorney for the District of Columbia, respectfully requests this Court for action related to Fed. R. Crim. Pro. 16.1. Under the Rule, "one or both parties may ask the court to determine . . . *other aspects* of disclosure to facilitate preparation for trial." Fed. R. Crim. Pro. 16.1(b) (emphasis added).

Isaac Thomas and Christina Legros have been indicted as co-defendants for their actions on January 6, 2021. ECF 11. A proposed scheduling order for Mr. Thomas's pretrial litigation was submitted by the parties on October 13, 2023. ECF 66. The completion of discovery was proposed to be completed on December 15, 2023.

The only outstanding discovery relates to the contents of each defendant's cell phone. Recently, this Court ordered Ms. Legros to be evaluated to determine her competency to stand trial. ECF 80. Until a hearing to determine whether Ms. Legros is competent, the government seeks review of a tranche of data from the entirety of Ms. Legros's cell phone to be provided to Mr. Thomas in discovery. The entirety of Ms. Legros's cell phone includes 56,480 files, which equates to 28.6 GB of information.[1]

---

[1] As a reference, a paginated extraction report containing thumbnail versions of each image and video contained on the phone is a 24,106-page document.

The selected version the government proposes to provide to Mr. Thomas includes 549 files, which is 4.6 GB of information. These data include audio recordings, video recordings, and photographic depictions related to the government's case against Isaac Thomas. Because these items fall within Rule 16(1)(E)(i) or (ii), the government will permit inspection of these items by Mr. Thomas unless there is a filed objection from Ms. Legros.[2]

The government has reviewed the entirety of the information. The remaining data does not fall within Rule 16(1)(E)(ii). The government would typically work with Ms. Legros's counsel to determine whether the entirety of her phone's contents could be provided to her co-defendant by agreement or whether there were any sensitive items she would seek to withhold. However, in the absence of a finding of competency, Ms. Legros is unable to assist her counsel in this endeavor and the government has decided only to disclose the scoped version of her device.

However, out of an abundance of caution and in the absence of the ability to work with Ms. Legros and her counsel to provide an acceptable copy of the entire device to Mr. Thomas, the government requests that this Court:

(1) review the data *in camera* to ensure none of the remaining undisclosed data falls under Rule 16(1)(E)(i),

(2) refer this matter to a Magistrate Judge under LCrR 59.1, or

(3) enter an additional protective order for Mr. Thomas's counsel to review the remaining information contained on Ms. Legros's phone, with instructions for future litigation of items in dispute.

---

[2] The government will also provide a copy once Mr. Thomas provides a storage device capable of holding that amount of information.

Respectfully Submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

/s/ *Adam M. Dreher*
ADAM M. DREHER
Assistant United States Attorney
Michigan Bar No. P79246
601 D St. N.W.
Washington, D.C. 20530
(202) 252-1706
adam.dreher@usdoj.gov