UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ISAAC ANTHONY THOMAS,<br><br>Defendant. | Criminal Action No. 23-0069-1 (CKK) |

**MEMORANDUM OPINION**
(February 8, 2024)

Before the Court is Defendant Isaac Thomas's [82] Motion ("Def.'s Mot."), in which he asks for the immediate release from confinement at the D.C. Jail. For the following reasons, the Court **GRANTS** Defendant's [82] Motion.

**I. BACKGROUND**

Defendant Thomas was previously subject to the [9] Order Setting Conditions of Release. *See* Order, ECF No. 9. Due to continued violations of various conditions beginning in April 2023, the Government filed a [33] Motion to Revoke Release Order.

After a revocation hearing and briefing, the Court granted the Government's [33] Motion on August 28, 2023. *See* Mem. Op. & Order, ECF No. 50. In its opinion, the Court discussed Defendant Thomas's various violations of his conditions of release including regarding housing, marijuana use, and a mental health evaluation and related medical and mental health releases. As for housing, Defendant Thomas was required,

1

according to his [9] Conditions of Release, to maintain a residence that Pretrial Services Agency ("PSA") could monitor after having initially assessed its appropriateness. However, at that time PSA was unable to approve any living arrangement for Defendant. *Id.* at 5.  Ultimately, the Court found by clear and convincing evidence, pursuant to 18 U.S.C. §§ 3148(b)(1)(B) and (b)(2), that Defendant Thomas violated conditions of his release and that he was unlikely to abide by any condition or combination of conditions of release.  *Id.* at 11.  The Court ordered that his release be revoked and remanded him to the custody of the United States Marshal Service.  *Id.*

In November 2023, Defendant Thomas filed a [73] Motion for Bond, asking for release from confinement.  The Government opposed this Motion.  *See* ECF No. 74.  The Court denied Defendant's [73] Motion, finding that he did not present any evidence that he would abide with the required condition of release regarding adequate housing, as the most recent information from PSA indicated that he did not have a place to live.  Mem. Op. & Order, ECF No. 78.  While the Court's opinion focused on a lack of adequate housing, the Court also discussed Defendant Thomas's marijuana use, stating that the fact Defendant indicated that he no longer wishes to use medical marijuana did not convince the Court that he will comply in light of his previous, repeated noncompliance and, additionally, the choice to not use marijuana was available to him previously.  *Id.* at 3. As for his mental health evaluation, it was completed after he was in custody and the Court had ordered District of Columbia Department of Behavioral Health, Pretrial and Assessment Branch to conduct such evaluation; prior to his detention, Defendant failed to

cooperate with Court orders to receive the necessary mental health assessments and provide required releases.  *Id.* at 3–4.

Defendant Thomas again moves to be released from confinement.  *See generally* Def.'s Mot.  He identifies Mr. and Mrs. Marden as offering housing.  *See id.* at 15.  The Court briefly discussed this Motion at a status hearing on December 21, 2023 and ordered PSA to file a report addressing Defendant's proposed housing and other conditions that would need to be in place.  *See* [84] Order.

PSA's Pretrial Compliance Report indicates that they were able to complete a home investigation at the Marden's residence in Michigan.  *See* ECF No. 87 ("PSA Report") at 2.  PSA indicates that both Mr. and Mrs. Marden "affirmed they would allow and cooperate with unannounced home contacts and the removal of their firearms."  *Id.* They have strict rules for Defendant, including that he obtains employment while residing at the residence.  *Id.*; *see also* Def.'s Mot. at 17 (Mrs. Marden "emphasized that she was emphatically clear with Thomas that the rules of the house consist of no alcohol, smoking, and specifically marijuana regardless of a prescription.").  PSA concluded that the Marden's residence was suitable for Defendant.  Report at 2.

The Court discussed Defendant's pending motion again at the status hearing on January 23, 2024.  See Minute Order, Jan. 25, 2024.  At the hearing, Defendant indicated that he has been offered potential employment if released.  The Court will now proceed with its analysis of the [82] Motion.

3

## II. DISCUSSION

Pursuant to the Bail Reform Act, a court may reconsider prior bond determinations based upon new information bearing on the pretrial release issue. *See* 18 U.S.C. § 3142(f)(2)(B) (permitting court to reopen bond hearing if court finds that "information exists which was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."); *see also id.* § 3148(b) ("If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly."). "New and material information… must consist of truly changed circumstances, something unexpected, or a significant event," *United States v. Lee*, 451 F. Supp. 3d 1, 5 (D.D.C. 2020) (KBJ), and "must relate in some significant or essential way to the decision whether to detain," *United States v. Worrell*, No. 1:21-CR-00292-RCL, 2021 WL 2366934, at *9 (D.D.C. June 9, 2021), appeal dismissed, No. 21-3040, 2021 WL 4765445 (D.C. Cir. Sept. 15, 2021) (citation omitted)).

Here, the Court is satisfied that Defendant Thomas presents new information that indicates appropriate conditions of release that assure his appearance, the safety of others and the community, and with which he will comply.

First, as for housing, Defendant Thomas has presented an adequate living arrangement. He explains that a "family friend has stepped up to the table and offered to open their home to Mr. Thomas," an offer which was not previously available. Def.'s Mot. at 15. As explained above, PSA has found the Marden family's residence to be a suitable placement for Defendant if released. *See* Report at 2.

As for Defendant's mental health evaluation, he explains that he was "advised in a certain way, by prior counsel" that included "wrong and inaccurate advice…, which fueled his poor decisions." Def.'s Mot. at 7. Therefore, Defendant explains, his current understanding of Court orders regarding his mental health *is* information that was not known to him earlier. *Id.* At the January status hearing, PSA indicated that, if released, they would recommend adding the following to Defendant's conditions to release: mental health evaluation and potential treatment, substance abuse evaluation and potential treatment, and an order indicating that the Defendant Thomas must sign all appropriate releases regarding his mental and physical health, as ordered by the Court.

Regarding his marijuana use, Defendant explains that he promises to forgo medical marijuana entirely. Def.'s Mot. at 16. He continues that he has not been able to use medical marijuana while at the D.C. Jail, but instead has been prescribed other pain medication. *Id.* His "new proposed housing option also comes with strict instructions that smoking is not tolerated while at the Marden's residence," which specifically includes "marijuana regardless of a prescription." *Id.* at 16–17. At the status hearing in January, Defense counsel reiterated that Defendant has affirmed that he will not be using medical marijuana. PSA for Michigan indicated that the facility that would conduct the

5

mental health evaluation could issue a referral if Defendant needs continue with prescription pain medication.

In light of this new information, the Court finds that Defendant has satisfied the standard set forth in the Bail Reform Act, 18 U.S.C. § 3142(f)(2)(B).  Defendant has presented new and material information related to his housing, mental health, and marijuana use.  The Court finds that under § 3148(b) and § 3142, considering the nature and circumstances of the offense charged, the weight of the evidence against Defendant, his history and characteristics, and the nature and seriousness of the danger to any person or the community, there are conditions of release that can reasonably assure his appearance and the safety of others.

The Court will release Defendant Subject to conditions of release similar to those in his prior [9] Conditions of Release, with some additions.  As was discussed at the status hearing, PSA advocated for the inclusion of additional conditions.  This includes a zero tolerance condition, such that if Defendant Thomas violates any condition of release, he will have to appear before this Court for a revocation hearing.  The Government also noted an open warrant for Defendant for a misdemeanor in Michigan and asked that any order setting conditions of release take that warrant into consideration as well.

### III. CONCLUSION

For the above reasons, the Court will **GRANT** Defendant Thomas's [82] Motion, subject to the conditions of release set forth in a forthcoming order to include a zero tolerance condition and that Defendant undergo mental health assessment and treatment as directed by PSA, sign all releases of information for PSA to obtain and report

treatment compliance, provide documentation of any prescribed medications to PSA, refrain from using marijuana, and clear outstanding warrants and provide proof for PSA, in addition to other more standard conditions of release (e.g., not obtain a passport, not possess a firearm, etc.).

    An appropriate Order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge