United States District Court
For the District of Columbia

_____
                                    )
UNITED STATES OF AMERICA,           )
                                    )
        v.                          )   No. 23-0069-1 (CKK)
                                    )
ISAAC ANTHONY THOMAS,               )
                                    )
        Defendant.                  )
_____ )

# THOMAS'S OPPOSITION TO GOVERNMENT'S MOTION TO INTRODUCE PRIOR BAD ACT EVIDENCE UNDER 404(b)

Defendant Thomas, through his counsel, moves the Court to exclude various categories, and particular exhibits the government intends to introduce at trial. A significant portion of the government's evidence presented herein neither have no bearing on the charges in this case or possess zero – nor are of minimal probative value – all of which are substantially outweighed by the risk of unfair prejudice, confusion of the issues, and misleading the jury.

**A. THE GOVERNMENT'S PROPOSED RULE 404(B) EVIDENCE NOTICE**

On March 8. 2024, the government filed notice of intent to use prior ("bad") act evidence, and an of its intent to introduce at trial evidence of the defendants' uncharged crimes, wrongs or acts. The evidence categories include: "During the government's case-in-chief, it intends to present evidence of interactions between Mr. Thomas and law enforcement officers from the Maumee Police Division in the

1

city of Maumee, Ohio, which occurred in the lobby of a hotel on December 28, 2020, while Mr. Thomas travelled to Washington D.C." (*See* ECF Doc.#: 105, at p. 1).

Stated Further, the government stated the following:

> The government also intends to prove Mr. Thomas's intent by presenting evidence of interactions he had with law enforcement in the city of Maumee. On December 28, 2020, on his way from Flint, Michigan to Washington, D.C., Mr. Thomas stopped at a hotel in Maumee, Ohio, and was unable to obtain a room for the evening. Mr. Thomas refused to leave the hotel, which caused hotel staff to call for police intervention. When police arrived, Mr. Thomas began to argue with police. He demanded to speak to a hotel supervisor, and then demanded to speak to a police sergeant.

(*See* ECF Doc.#: 105, at p. 2).

**B. ADMISSIBILITY OF PRIOR "BAD" ACTS TO PROVE CONDUCT RELATED TO JANUARY 6, 2021.**

It is undisputed that, "Rule 404(b) is a rule of inclusion rather than exclusion." *United States v. Douglas*, 482 F.3d 591, 596 (D.C. Cir. 2007) (*quoting United States v. Bowie*, 232 F.3d 923, 929 (D.C. Cir. 2000)). However, evidence of other acts by a defendant are admissible under the rule unless they "lack[] any purpose but proving character." *United States v. Bowie*, 232 F.3d 923, 930 (D.C. Cir. 2000)[1].

---

[1] *See Bowie*, 232 F.3d at 926 (D.C. Cir. 2000) (highlighting Federal Rule of Evidence 404(b) permits evidence of " 'other crimes, wrongs, or acts' to be admitted for 'purposes unrelated to the defendant's character or propensity to commit crime, such as 'proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.' ").

In supporting such, the *Bowie* Court highlighted that "[a]lthough the first sentence of Rule 404(b) is 'framed restrictively,' the rule itself 'is quite permissive,' prohibiting the admission of 'other crimes' evidence 'in but one circumstance' — for the purpose of proving that a person's actions conformed to his character." *Id.* at 929-30 (*quoting United States v. Crowder*, 141 F.3d 1202, 1206 (D.C. Cir. 1998) (en banc) ("Crowder II")); *accord United States v. Cassell*, 292 F.3d 788, 792 (D.C. Cir. 2002) ("[A]ny purpose for which bad-acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character") (*quoting United States v. Miller*, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in original)).

## C. GOVERNMENT'S PROPOSED EVIDENCE IS INADMISSIBLE UNDER RULE 404.

The evidence proposed evidence herein cannot satisfy Rule 404(b)(2). The only conceivable proper purpose for introducing such "bad act" evidence would be to prove motive. FED. R. EVID. 404(b)(2).

Other Courts have rejected the government's attempts to conflate "motive" evidence with guilt-by-association. *Cf., United States v. Roark*, 924 F.2d 1426 (8th Cir. 1991); *United States v. Irvin*, 87 F.3d 860, 864-66 (7th Cir. 1996) (holding that trial court abused its discretion in not excluding evidence of gang membership when its probative value was minimal, and when "highly charged gang-affiliation evidence served as a substitute for . . . direct evidence, increasing the chance of guilt

purely by association"); *United States v. Elkins*, 70 F.3d 81, 83-85 (10th Cir. 1995) (holding in a prosecution of firearms laws, trial court erred in admitting evidence of defendant's gang membership where there was no showing of biased testimony due to fear).

Here, if anything, the risks involved in conflating "motive" evidence and character evidence are far greater – because in a J6 case than in *Roark*, or other similarly situated cases.

J6 cases have taken on a life-of-their-own. I say that, to say this: the risks for someone named Isaac Thomas are magnified even more because of the perception that such individual involved with January 6th, and whom such individual is perceived to be aligned with, politically, now become a factor.

None of the government's proposed general evidence satisfies the 404(b) standard. The relevant exhibits do not show Thomas's intent to further – or at a later time – commit any illegal activities. Accordingly, this category of evidence is inadmissible.

Taking a step back to Federal Rule 403 balancing, the probative value of such proposed evidence is substantially outweighed by the dangers of unfair prejudice, confusing the issues, and misleading the jury.

As mentioned, the J6 Defendants resemble throughout our country as a highly politicized group, who raising suggestions of racism – which only are meant to arouse emotions to all of those tasked in the decision making process.

In light of the above, these proposed exhibits or evidence should be excluded.

Dated:  April 4, 2024

                                          Respectfully Submitted,

*/s/ Steven Alan Metcalf II*
_____
STEVEN A. METCALF II, ESQ.
Metcalf & Metcalf, P.C.
99 Park Avenue, Suite 810
New York, NY 10016
(*Office*) 646.253.0514
(*Fax*) 646.219.2012
*metcalflawnyc@gmail.com*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been served upon counsel for all parties to this proceeding as identified below through the court's electronic filing system as follows:

/s/
_____
STEVEN A. METCALF II
*Attorney for Thomas*

Dated: 4/4/2024