UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ISAAC ANTHONY THOMAS,<br><br>Defendant. | Criminal Action No. 23-69 (CKK) |

**MEMORANDUM OPINION & ORDER**
(January 24, 2025)

**I.**

A grand jury indicted Defendant Isaac Thomas on ten felony and misdemeanor charges for his alleged conduct during the riot at the United States Capitol on January 6, 2021:

- Count One: Civil Disorder, in violation of 18 U.S.C. § 231(a)(3);

- Count Two: Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c)(2) and 2;

- Count Three: Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon, in violation of 18 U.S.C. §§ 111(a)(1) and (b);

- Count Four: Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon, in violation of 18 U.S.C. §§ 111(a)(1) and (b);

- Count Five: Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. §§ 1752(a)(1) and (b)(1)(A);

- Count Seven: Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. §§ 1752(a)(2) and (b)(1)(A);

- Count Nine: Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. §§ 1752(a)(4) and (b)(1)(A);

- Count Ten: Disorderly Conduct in a Capitol Building or Grounds, in violation of 40 U.S.C. § 5104(e)(2)(D);

1

- Count Eleven: Act of Physical Violence in the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(f); and

- Count Twelve: Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).

*See* Indictment, ECF No. 11. The Indictment describes the weapon referenced in Counts Three, Four, Five, Seven, and Nine as "a flagpole." *Id.* at 3–5. And Counts Three and Four of the Indictment allege that Thomas used that flagpole to make physical contact with Sergeant C.N. and Officer B.W. of the United States Capitol Police. *Id.* at 3.

Thomas was arraigned on these charges in March 2023 and entered a plea of "not guilty" as to each count. Min. Order (March 20, 2023).

At that time, Thomas was on pretrial release subject to the supervision of the Pretrial Services Agency for the Eastern District of Michigan. Order Setting Conditions of Release, ECF No. 9. In April 2023, Pretrial Services submitted two reports alerting the Court that Thomas had repeatedly violated conditions of his release. *See* Pretrial Violation Report, ECF No. 23; Pretrial Violation Report, ECF No. 25. The Court held a status hearing to discuss these violations with Thomas and arranged for him to receive a mental health evaluation. Min. Order (May 1, 2023).

In June 2023, Pretrial Services submitted two more reports alerting the Court that Thomas had again violated his conditions of release and failed to comply with Court orders. Pretrial Violation Report, ECF No. 32; Pretrial Violation Report, ECF No. 37. In response, the Government moved to revoke Thomas's release. Gov't's Mot. to Revoke, ECF No. 33. Again, the Court held a status hearing to discuss these matters with Thomas and crafted new conditions of release that could ensure Thomas's compliance without requiring pretrial detention. *See* Min. Order (July 6, 2023).

In August 2023, Thomas moved to modify his conditions of release to allow him to move to Texas. Def.'s Mot. to Modify Conditions of Release, ECF No. 39. As that motion made clear,

2

Thomas had already moved to Texas prior to seeking modification. *See id.* While Thomas's motion was pending, Pretrial Services submitted another report alerting the Court that Thomas had violated multiple conditions of his release, that a misdemeanor complaint had been filed against Thomas in Michigan for threats he allegedly made to a court clerk, and that the Burton Police Department in Michigan would be issuing a warrant for Thomas's arrest for Threats by Computer, Telephone, or Other Communication Device. Pretrial Violation Report, ECF No. 40. The Court denied Thomas's motion to modify his release conditions, Order, ECF No. 42, and ordered him to appear for a revocation hearing, Min. Order (Aug. 17, 2023).

At the revocation hearing, Pretrial Services stressed that Thomas "need[ed] to return to and remain in Michigan." Min. Order (Aug. 18, 2023). At the suggestion of Thomas's counsel, the Court continued the revocation hearing for ten days and modified Thomas's conditions of release so he could stay in an apartment with his counsel while Pretrial Services assessed potential housing arrangements for Thomas in Michigan. *Id.*; Order, ECF No. 45.

Seven days later, the Court received yet another report from Pretrial Services describing violations of Thomas's release conditions and this Court's orders. Pretrial Violation Report, ECF No. 47. At the continued revocation hearing, Pretrial Services for both the Eastern District of Michigan and the District of Columbia recommended that Thomas's bond be revoked. Min. Order (Aug. 28, 2023). In light of Thomas's "serious pattern of noncompliance," the Court revoked Thomas's release and ordered him detained. Mem. Op. & Order, ECF No. 50 at 11.

In October 2023, Thomas's current counsel—who had recently entered his appearance—represented that he was working with Pretrial Services and the Government to identify conditions that would warrant Thomas's release from custody. Min. Order (Oct. 17, 2023). At Thomas's request, the Court ordered a mental health screening for Thomas to facilitate that effort. Order,

3

ECF No. 67.  In February 2024, after extensive coordination with Pretrial Services in Michigan and the District of Columbia, *see* Min. Order (Jan. 25, 2024), the Court ordered Thomas released, *see* Mem. Op., ECF No. 99, subject to new conditions crafted to ensure Thomas would comply with Court orders and receive any necessary treatment, *see* Order, ECF No. 101.

By that time, discovery had been completed, Thomas had rejected the Government's plea offer, and the parties were beginning pretrial briefing.  *See* Min. Order (Dec. 21, 2023); Min. Order (Jan. 25, 2024); Min. Order (Mar. 14, 2024).  After granting extensions at Thomas's request, the Court scheduled this matter for jury trial on September 9, 2024.  Min. Order (Apr. 22, 2024).  Then, to accommodate Thomas's counsel, the Court continued the trial date to December 2, 2024.  Min. Order (May 3, 2024).  In August 2024, "Thomas reported that he ha[d] successfully completed his program at the Sacred Heart Treatment Center, and the Court commended him for doing so."  Min. Order (Aug. 13, 2024).

At a status hearing in October 2024, the Court granted the Government's motion to dismiss Count Two of the Indictment (charging Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c)(2) and 2) in light of the Supreme Court's decision in *Fischer v. United States*, 144 S. Ct. 2176 (2024).  Min. Order (Oct. 1, 2024).  Following that dismissal, the parties reported that plea negotiations had "begun again in earnest," and the Court allowed the parties time to generate a preliminary guidelines calculation.  *Id.*

In November 2024, the Court learned that Thomas had been "held in contempt during proceedings in a civil matter in Michigan and briefly detained at the courthouse."  Min. Order (Nov. 1, 2024).  The Court discussed the matter with Thomas and concluded that a revocation hearing was unnecessary.  *See id.*  After a discussion with Thomas's counsel under seal, and at Thomas's request, the Court continued trial in this matter to March 10, 2025.  *Id.*

## II.

On January 21, 2025, the Government moved to dismiss the Indictment with prejudice under Federal Rule of Criminal Procedure 48(a). Gov't's Mot. to Dismiss, ECF No. 154. As the "reason for this dismissal," the Government cites an as-yet unnumbered presidential Proclamation titled "Granting Pardons and Commutation of Sentences for Certain Offenses Relating to the Events at or Near the United States Capitol on January 6, 2021." *Id.* That Proclamation, in relevant part, "direct[s] the Attorney General to pursue dismissal with prejudice to the Government of all pending indictments against individuals for their conduct related to the events at or near the United States Capitol on January 6, 2021." Unnumbered Proclamation, __ Fed. Reg. ____ (Jan. 20, 2025), https://perma.cc/W4NT-4K4S. Thomas has reported that he consents to the Government's motion. *See* Def.'s Resp., ECF No. 155.

By its terms, Rule 48(a) allows the Government, "with leave of court," to "dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). The Court must therefore consider whether to grant its leave to dismiss this case. *See United States v. Ammidown*, 497 F.2d 615, 620 (D.C. Cir. 1973) (noting that the "requirement of judicial leave" in Rule 48 "gives the court a role in dismissals following indictment," even when "the defendant concurs in this dismissal"); *United States v. Flynn*, 507 F. Supp. 3d 116, 126–31 (D.D.C. 2020) (EGS) (analyzing the scope of a trial court's discretion under Rule 48(a)); *see also Rinaldi*, 434 U.S. at 30 n.15 (noting that Rule 48 "obviously vest[s] some discretion in the court" without deciding whether that discretion extends to cases in which the defendant consents to dismissal). To inform this analysis, the Court may "require a statement of reasons and underlying factual basis" for the Government's motion to dismiss. *See Ammidown*, 497 F.2d at 620.

Here, the Government's only stated reason for pursuing dismissal with prejudice is that the President has ordered the Attorney General to do so. *See* Gov't's Mot. (citing Unnumbered Proclamation, __ Fed. Reg. ____ (Jan. 20, 2025), https://perma.cc/W4NT-4K4S). On the record before the Court, including defense counsel's response to the Government's motion, the Court does not discern any defect in the legal merits of, or factual basis for, the Government's prosecution of this matter that would require dismissal. But recognizing that "the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case," the Court shall not require a further explanation here. *See United States v. Nixon*, 418 U.S. 683, 693 (1974).

### III.

Dismissals of charges, pardons after convictions, and commutations of sentences will not change the truth of what happened on January 6, 2021. What occurred that day is preserved for the future through thousands of contemporaneous videos, transcripts of trials, jury verdicts, and judicial opinions analyzing and recounting the evidence through a neutral lens. Those records are immutable and represent the truth, no matter how the events of January 6 are described by those charged or their allies.

What role law enforcement played that day and the heroism of each officer who responded also cannot be altered or ignored. Present that day were police officers from the U.S. Capitol Police and those who came to their aid when called: the D.C. Metropolitan Police Department, Montgomery County Police Department, Prince George's County Police Department, Arlington County Police Department, and Fairfax County Police Department. Grossly outnumbered, those law enforcement officers acted valiantly to protect the Members of Congress, their staff, the Vice President and his family, the integrity of the Capitol grounds, and the Capitol Building—our symbol of liberty and a symbol of democracy around the world. For hours, those officers were

aggressively confronted and violently assaulted. More than 140 officers were injured. Others tragically passed away as a result of the events of that day. But law enforcement did not falter. Standing with bear spray streaming down their faces, those officers carried out their duty to protect.

All of what I have described has been recorded for posterity, ensuring that what transpired on January 6, 2021 can be judged accurately in the future.

* * *

In light of the foregoing, it is hereby **ORDERED** that:

- The Government's [154] Motion to Dismiss is **GRANTED**;

- The [11] Indictment is **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Criminal Procedure 48(a);

- All scheduled deadlines and proceedings, including the February 19, 2025 status hearing and March 10, 2025 jury trial, are **VACATED**;

- The [101] Order Setting Conditions of Release is **VACATED**; and

- All other pending motions are **DENIED AS MOOT**.

The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**

Dated: January 24, 2025

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge